**SURGICAL ASSOCIATES, INC., J. Michael Musgrave, M.D., Paul J. Raiman, M.D., and James W. Edlund, M.D., Appellants–Defendants,**

v.

**Jeri ZABOLOTNEY and Stanley Zabolotney, Husband and Wife, Appellees–Plaintiffs.**

No. 92A03–9104–CV–118.

Court of Appeals of Indiana, Third District.

Sept. 28, 1992.

John F. Lyons, David R. Steiner, James P. Fenton, John M. Clifton, Barrett &

McNagny, Fort Wayne, for appellants-defendants.

Edgar A. Grimm, Grimm & Grimm, P.C., Auburn, for appellees-plaintiffs.

GARRARD, Judge.

█ This discretionary interlocutory appeal was brought to determine whether it is appropriate to require proposed members of a medical review panel under the medical malpractice act, IC 16–9.5–1–1 *et seq.*, to answer interrogatories from one of the parties concerning their qualifications to serve on the panel, and to tax, as costs of the proceeding, charges made by the proposed panel member for time spent in providing answers. We conclude that it is not.

Zabolotneys initiated their medical malpractice claim and attorney John W. Whiteleather, Jr., was selected as chairman for the medical review panel. Citing IC 16–9.5–10–1, Chairman Whiteleather petitioned the Whitley Circuit Court seeking preliminary determination of an issue of law. The petition disclosed that plaintiffs' counsel had filed with the chairman a list of thirty-five interrogatories which he proposed be propounded to and answered by prospective nominees to the review panel and that the defendants had objected. In addition, the chairman sought a determination of how any costs or expenses charged by proposed panel members should be handled if the questions were allowed to be submitted. The circuit court determined that the parties were entitled to submit questions to proposed panel members, that the chairman had discretion to control the nature and number of questions, and that any charges by proposed panel members be charged and paid as other panel costs. The court then certified the matter for interlocutory appeal and this appeal followed.

█ Initially, we note that the medical malpractice act, IC 16–9.5–9–1 *et seq.* invests the courts with limited jurisdiction in medical malpractice claims until the statutory medical review panel has rendered its opinion. While IC 16–9.5–10–1 permits the trial court to compel discovery of matters relevant to the subject matter involved in the pending claim, no provision of the act purports to afford discovery procedures concerning potential members of the medical review panel.

Instead, the legislative scheme for providing fairness and acceptability of the panel members arises from their method of selection. After providing for the selection of the attorney member by agreement or by a process of striking from a list of five randomly selected attorneys from the county of venue or one of its adjoining counties, IC 16–9.5–10–1 provides that all health care providers (except health facility administrators) shall be available for selection; where the defendant is an individual, two of the panel members must be of the same profession as the defendant, and if he or she is a specialist, then two members must be of the same specialty.

Following the practice common in arbitration proceedings, the statute provides that each party (or side) may select and name one panel member and the two so named shall select the third. If they fail to do so, the third member is named by the panel chairman. The statute, however, then provides further protection by permitting any party to remove a panel member without cause within ten days after his or her selection. The replacement for a challenged member is selected by the person who originally chose the challenged member. If the nominated replacement is also challenged (and he may be), then the panel chairman shall name three qualified panelists and the parties shall select one by striking alternately, with the party whose nominee was challenged striking last. IC 16–9.5–9–3(b). Those selected as panel members are required to take an oath or affirmation that they will well and truly consider the evidence and render their opinion without bias. Thus, the scheme appears reasonably designed to secure a fair and acceptable panel.

Secondly, the legislative scheme imposes relatively short time limits during the selection process and for the panel to meet and issue its written opinion. Legislative intent to expedite the panel review is clear.

We have reviewed the thirty-five interrogatories tendered by the plaintiffs. They

are what might be typically expected in the sense that they seek to elicit from the health care provider his or her professional biography, whether the person has ever been involved in disciplinary or malpractice proceedings, the person's previous experience as a medical review panelist, and whether the person has had contact from anyone concerning the claims at issue. To submit and secure approval of the questions, cause them to be served with a reasonable time within which to return answers, and to answer the questions fully and fairly would generally require the expenditure of some appreciable amount of time. Probably depending upon the extensiveness of the answers required of the particular affiant, significant expense would be added to the proceeding if the affiant's time spent were to be reasonably compensated as professional time. It appears to us that the time limits the Act seeks to invoke would normally be thwarted by the procedure and substantial expense would be added to the proceeding if a number of panelists had to be surveyed.

Generations of lawyers have selected special judges and arbitrators without the benefit of the procedure advocated by the plaintiffs. We see no reason why the less formal procedures they have utilized in such instances cannot be successfully brought to bear concerning proposed members of a medical review panel. Moreover, it must be recalled that the decision of the review panel is only *evidence* in a subsequent civil action, and the parties are afforded the right to call any members of the panel as witnesses. IC 16–9.5–9–9.

The Medical Malpractice Act contains no provision authorizing the requested procedure for interrogating prospective members of a medical review panel, and we see no valid basis for imposing it.

The order is therefore reversed and this matter is remanded for such further proceedings as may be necessary.

HOFFMAN and MILLER, JJ., concur.