Donald R. WALKER, D.D.S.,
Appellant–Defendant,

v.

Pascal PILLION and Judy Pillion,
Appellees–Plaintiffs.

No. 29A02–0009–CV–604.

Court of Appeals of Indiana.

May 30, 2001.

Peter H. Pogue, Donald B. Kite, Sr., Schultz & Pogue, Carmel, Indiana, Attorneys for Appellant.

Barbara J. Germano, Mary A. Findling, Findling, Garau, Germano & Pennington, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

SHARPNACK, Chief Judge

Donald R. Walker, D.D.S., appeals the trial court's judgment entered on a jury verdict in favor of Pascal and Judy Pillion on their complaint alleging medical malpractice. Walker seeks review of one issue, which we restate as whether the judgment is sustained by sufficient evidence. The Pillions raise two additional issues, which we restate as:

1. whether Dr. Walker has waived review of his sufficiency claim due to his failure to raise the issue in the trial court; and

2. whether the Pillions are entitled to damages, including appellate attorney fees.

We affirm.

The facts most favorable to the verdict follow. Pascal, who had worn upper and lower dentures for many years, began to experience pain in his jaw. Dr. Ben Bromley, a general dentist, referred Pascal to Dr. Walker, an oral and maxillofacial surgeon. Dr. Walker diagnosed Pascal with severe functional atrophy of the upper and lower jaws, the maxilla and mandible, respectively, and Dr. Walker recommended mandibular staple implant surgery. Pascal understood that the implant would stabilize his loose lower denture and, thus, alleviate his pain.[1]

Dr. Walker performed the surgery on February 7, 1991, but Pascal suffered post-

---

1. According to trial testimony, a mandibular staple implant has two metal posts that are connected at the bottom by a metal bar that runs between the two posts. To insert the implant, the surgeon makes an incision under the chin, exposes the bone, and drills holes through the mandible. The surgeon then pushes the two posts up through the holes. The lower denture ultimately rests on the end posts.

operative chronic inflammation and recurring infections around the right post of the implant. Pascal continued to see Dr. Walker for examination and treatment of the site. Although Dr. Walker trimmed the tissue around the right post and grafted tissue to the area, Pascal's problems persisted. Dr. Bromley made Pascal two sets of new dentures to fit over the implant. Because the tissue remained sore, however, Pascal often removed his lower denture and was limited to eating soft foods.

In March of 1994, Dr. Walker told Pascal there was nothing else he could do and referred Pascal to Dr. Stephen Lehman, a prosthodontist.[2] Dr. Lehman observed that the tissue around the right post was inflamed. He concluded that the implant had been improperly positioned in the mandible, rendering it unsuitable from a prosthodontic standpoint. Dr. Lehman then referred Pascal to Dr. R. Dale Lentz, another oral and maxillofacial surgeon. After consulting with the dentist who developed the staple implant, Dr. Lentz removed the old implant and placed a new one in a different position. At some point thereafter, Dr. Lehman constructed a new denture. By March of 1997, Pascal was able to wear his dentures continuously without discomfort.

The Pillions presented claims against Dr. Walker to a medical review panel. Three oral surgeons reviewed the claims and unanimously concluded that Dr. Walker failed to meet the applicable standard of care and that his conduct was a factor in the Pillions' damages. Thereafter, the Pillions filed a complaint against Dr. Walker in the trial court. Dr. Walker answered the complaint and requested a jury trial. At the ensuing trial, Dr. Walker did not move for judgment on the evidence. On August 31, 2000, the jury returned a verdict against Dr. Walker in the amount of $69,400.00, and the trial court entered judgment on that verdict. Without filing a motion to correct error, Dr. Walker initiated this appeal on September 26, 2000.

## I.

Initially, we discuss the Pillions' assertion that Dr. Walker has waived review of the sufficiency claim due to his failure to raise the issue in the trial court.[3] In support of their argument, the Pillions rely entirely on the text of Ind. Trial Rule 50(A), which provides in relevant part:

Where all or some of the issues in a case tried before a jury or an advisory jury are not supported by sufficient evidence or *a verdict thereon is clearly erroneous as contrary to the evidence because the*

2. A prosthodontist is a dentist who specializes in the replacement of lost or missing teeth and associated structures, in order that impaired function, appearance, comfort, and health may be restored. Stedman's Medical Dictionary 1151 (4th Unabridged Lawyers' Ed. 1976).

3. The Pillions also assert that Dr. Walker waived his right to review because, in the statement of facts section of his appellant's brief, he failed to recite facts favorable to the judgment. The Pillions rely on Ind. Appellate Rule 46(A)(6)(b), which provides that the facts "shall be stated in accordance with the standard of review appropriate to the judgment or order being appealed." This appeal, however, was initiated prior to January 1, 2001.

Thus, the former rules of appellate procedure govern the appeal. Nevertheless, although former Ind. Appellate Rule 8.3(A)(5) requires only "[a] statement of the facts relevant to the issues presented for review, with appropriate references to the record," this court on numerous occasions has recognized that the rule requires the appellant to state facts in the light most favorable to the judgment. *Eden United, Inc. v. Short*, 653 N.E.2d 126, 129 n. 2 (Ind.Ct.App.1995), *reh'g denied, trans. denied.* We agree with the Pillions that Walker did not conform to the rule, but nonconformance does not necessarily require dismissal of the appeal. *See id.* We may exercise our discretion to decide the case on its merits, and we do so here.

*evidence is insufficient to support it,* the court shall withdraw such issues from the jury and enter judgment thereon or *shall enter judgment thereon notwithstanding a verdict. A party may move for such judgment on the evidence.*

 (1) after another party carrying the burden of proof or of going forward with the evidence upon any one or more issues has completed presentation of his evidence thereon; or

 (2) after all the parties have completed presentation of the evidence upon any one or more issues; or

 (3) after all the evidence in the case has been presented and before judgment; or

 (4) *in a motion to correct errors; or*

 (5) *may raise the issue upon appeal for the first time in criminal appeals but not in civil cases ....*

(emphasis added). Citing subsection (5), the Pillions insist that Dr. Walker was required to move for judgment on the evidence before the trial court in order to preserve his claim of error.

 The purpose of a motion for judgment on the evidence is to test the sufficiency of the evidence. *First Bank of Whiting v. Schuyler,* 692 N.E.2d 1370, 1372 (Ind.Ct.App.1998), *trans. denied.* The first four subsections of Ind. Trial R. 50(A), stated in the alternative, discuss when a motion for judgment on the evidence is proper. *Tilton v. State,* 416 N.E.2d 870, 872 (Ind.Ct.App.1981). As an additional alternative, subsection (5) provides, not that the motion, but that the underlying sufficiency issue may be raised for the first time on appeal in criminal appeals but not in civil appeals. *Id.* A reading of subsection (5) in isolation suggests that the Pillions are correct. *See, e.g., Mftari v. State,* 537 N.E.2d 469, 474 (Ind.1989) (citing Trial Rule 50(A)(5) and reasoning that, in the criminal case under consideration, sufficiency of the evidence

could be raised for the first time on appeal).

 Trial Rule 50(A), however, clearly permits the nonprevailing party in a civil case to challenge the evidentiary basis of a jury verdict for the first time after judgment has been entered on the verdict. Thus, the sufficiency issue is not waived by the failure to raise the issue earlier. Under the rule, however, where a judgment on the evidence is sought after judgment has been entered, the motion may only be made in a motion to correct errors. *See* T.R. 50(A)(4); *Huff v. Travelers Indem. Co.,* 266 Ind. 414, 421, 363 N.E.2d 985, 990 (1977); *see also* T.R. 59(J)(7) ("In reviewing the evidence, the court shall ... enter judgment, ... if the court determines that the verdict of a non-advisory jury is clearly erroneous as contrary to or not supported by the evidence ....)." That motion must be filed no later than thirty days after entry of the final judgment. *See* Ind. Trial Rule 59(C).

 Formerly, a motion to correct error under Trial Rule 59 was a prerequisite to appellate review in almost every case. *See Groves v. First Nat'l Bank of Valparaiso,* 518 N.E.2d 819, 826 (Ind.Ct.App.1988) (discussing previous version of Ind. T.R. 59), *reh'g denied, trans. denied.* The procedure allowed the trial court an opportunity to correct alleged error prior to appeal; it developed the issues to be raised on appeal; and it provided notice to the party prevailing at trial of which issues were going to be appealed. *Id.* The failure to raise an issue in the motion to correct error would normally result in waiver on appeal. *See, e.g., Lambert v. Yellowbird, Inc.,* 498 N.E.2d 80, 81 (Ind. Ct.App.1986) (recognizing that the appellant's general sufficiency claim was waived for failure to raise it in his motion to correct error), *trans. denied.*

 In 1989, our supreme court amended Ind. Trial Rule 59 by removing the

motion to correct error as a condition precedent to an appeal except in two specific instances: (1) where a party seeks to address newly discovered evidence, and (2) where a party claims that a jury verdict is excessive or inadequate. T.R. 59(A); *see Boruff v. Boruff,* 602 N.E.2d 180, 182 n. 2 (Ind.Ct.App.1992). The sufficiency issue presented here concerns neither newly discovered evidence nor a claim that the verdict is excessive. Accordingly, a motion to correct error was not mandatory under Ind. Trial Rule 59(A). Nevertheless, as discussed above, the motion to correct error is the only procedural device by which a party may challenge the verdict in the trial court after judgment has been entered. To the extent that subsections (4) and (5) of Trial Rule 50(A) suggest that a civil litigant is required to move for judgment on the evidence in a timely motion to correct error in order to preserve a sufficiency claim, they are inconsistent with the current version of Trial Rule 59(A).

Although our supreme court has not specifically addressed that disharmonious feature of our current trial rules, the court recently considered whether a defendant in a civil case was required to file a motion to correct error in order to preserve his claim that a jury award was outside the scope of the evidence. *Tipmont Rural Elec. Membership Corp. v. Fischer,* 716 N.E.2d 357 (Ind.1999). As here, the claim presented a question concerning the sufficiency of the evidence supporting the verdict. *Id.* at 358. Without discussing Ind. Trial Rule 50(A), the court permitted the defendant to challenge the evidentiary basis of the verdict for the first time in his appellate brief. *Id.* Likewise, we hold that Dr. Walker was not required to move for judgment on the evidence in the trial

court before addressing the sufficiency issue in his appellate brief. *See Powers v. Gastineau,* 568 N.E.2d 1020, 1023–1024 (Ind.Ct.App.1991) (reviewing issue on appeal), *trans. denied.* Because Dr. Walker has not waived review of the issue, we turn to the merits of his appeal.

## II.

■■■ Dr. Walker argues that the judgment is not sustained by sufficient evidence. In reviewing the sufficiency of evidence in a civil case, we decide whether there is substantial evidence of probative value supporting the trial court's judgment. *Id.* at 1023. We neither reweigh evidence nor rejudge witness credibility but consider only the evidence most favorable to the judgment along with all reasonable inferences to be drawn therefrom. *Id.* We reverse the trial court only if there is a lack of evidence or evidence from which a reasonable inference can be drawn on an essential element of the plaintiff's claim. *Id.*

■■■ In order to prevail on a medical malpractice claim, a plaintiff must show (1) a duty owed to the plaintiff by the defendant, (2) a breach of the duty by allowing conduct to fall below a set standard of care, and (3) a compensable injury proximately caused by defendant's breach of the duty. *Whyde v. Czarkowski,* 659 N.E.2d 625, 627 (Ind.Ct.App.1995), *trans. denied.* In this case, Dr. Walker argues that the evidence does not show that he breached the duty of care.[4]

The record discloses that the staple implant was designed to be centered so that the posts would be nearly equidistant from the midline of the face. In Pascal's case, the implant posts were "off center." Record, p. 335. More specifically, the left post was placed at the midline, which shifted

---

4. Dr. Walker also complains of a potential conflict of interest because two members of the medical review panel were partners with

Dr. Lentz, the oral surgeon who performed the corrective implant surgery. The record does not disclose a timely challenge to the

the right post posteriorly to the right. Additionally, the posts should exit through the crest of the mandible in attached or "tight" tissue as opposed to unattached tissue. Record, p. 307. That is because attached tissue tightens around the end posts of the implant and prevents the infiltration of bacteria and viruses around the posts. The implant in question did not exit through attached tissue at the crest of the mandible. In the years following the surgery, Pascal experienced oral inflammation and infection. The jury could reasonably have concluded that Dr. Walker breached his duty when he placed the implant and that the malpositioned implant proximately caused Pascal's problems.

Despite the foregoing evidence, Dr. Walker observes that testimony shows that it is the dentist constructing the dentures who ultimately determines whether an implant is suitable, and he points out that Dr. Bromley, the general dentist who constructed two sets of dentures, found the staple implant acceptable. The evidence also establishes, however, that it is the oral surgeon's responsibility to position the implant properly. Moreover, Dr. Lehman, the prosthodontist who ultimately constructed the successful denture, testified that the first implant was not useful for prosthodontic purposes. The record contains ample evidence to support the jury verdict. *See Becker v. Plemmons*, 598 N.E.2d 564, 569–570 (Ind.Ct.App.1992).

panel composition, but Dr. Walker now argues that medical review panel members should be required to disclose professional relationships. The Medical Malpractice Act is a creature of statute, *see* Ind.Code §§ 34–18–1–1 to 34–18–18–2, and any proposed amendments to the Act should be addressed to the General Assembly. *See Surgical Assocs., Inc. v. Zabolotney,* 599 N.E.2d 614, 616 (Ind.Ct. App.1992) (observing that the Medical Malpractice Act contains no provision authorizing a procedure for interrogating prospective panel members and concluding that there was no valid basis for this court to impose such a

## III.

■■ In a separate issue, the Pillions claim they are entitled to damages, including appellate attorney fees. Former Ind. Appellate Rule 15(G) provides: "If the court on appeal affirms the judgment, damages may be assessed in favor of the appellee not exceeding ten per cent (10%) upon the judgment, in money judgments, and in other cases in the discretion of the court; and the court shall remand such cause for execution."[5] The rule permits the award of damages when an appeal is "permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay." *Orr v. Turco Mfg. Co.,* 512 N.E.2d 151, 152 (Ind.1987). In exercising our discretionary power, however, we must use extreme restraint due to the potential chilling effect upon the exercise of the right to appeal. *Montgomery, Zukerman, Davis, Inc. v. Chubb Group of Ins. Cos.,* 698 N.E.2d 1251, 1254 (Ind.Ct.App. 1998), *trans. denied.*

Here, the Pillions argue that Dr. Walker's appeal is frivolous and has been brought in bad faith. Referring to Issue I, *supra,* they contend that an argument that has not been preserved for appeal is by its nature frivolous. We resolved that issue, however, in favor of Dr. Walker.

■ The Pillions also emphasize that Dr. Walker failed to conform to the appel-

procedure), *trans. denied.* We decline Dr. Walker's invitation to circumvent the legislative process.

**5.** The new Rules of Appellate Procedure include a similar provision. *See* Ind. Appellate Rule 66(E) ("The Court may assess damages if an appeal, petition, or motion, or response, is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorneys' fees. The Court shall remand the case for execution.").

late rules in that, in his statement of the facts, he cited evidence opposing rather than supporting the judgment. *See supra* n. 3. This court has awarded damages where an appeal was permeated with procedural bad faith. *See Catellier v. Depco, Inc.*, 696 N.E.2d 75 (Ind.Ct.App.1998). In *Catellier*, as here, the appellant's brief failed to present facts in a light most favorable to the judgment. *Id.* at 79 (citing former App. R. 8.3(A)(5)). The brief in that case, however, was defective in many other ways. It contained argument rather than a recitation of facts, *see* former App. R. 8.3(A)(5); exceeded the page limits but provided no verified word count, *see* former Ind. Appellate Rule 8.2(A)(4); was printed in inappropriate typeface, *see* former Ind. Appellate Rule 8.2(A)(1); included a defective statement of the case, *see* former Ind. Appellate Rule 8.3(A)(4); did not include pinpoint citations, *see* former Ind. Appellate Rule 8.2(B)(1); and set forth accusatory statements where cogent argument was required, *see* former Ind. Appellate Rule 8.3(A)(7). *Id.*[6] In this case, we find no such flagrant disregard for the form and content requirements of our appellate rules. Accordingly, the request for damages is denied. *See Greasel v. Troy*, 690 N.E.2d 298, 304 (Ind.Ct.App. 1997).

For the foregoing reasons, we affirm the judgment of the trial court, and we deny the Pillions' request for damages.

Affirmed.

KIRSCH, J., and MATTINGLY–MAY, J. concur.

**6.** Under the new rules, governing appeals initiated after January 1, 2001, Ind. Appellate Rule 22 discusses citation form; Ind. Appellate Rule 43 addresses the form of briefs; Ind.

Appellate Rule 44 delineates brief length limitations; and Ind. Appellate Rule 46(A) sets forth the arrangement and content requirements of Appellant's Brief.