Mark GROTT and Barbara Grott, Appellants–Plaintiffs,

v.

JIM BARNA LOG SYSTEMS–MIDWEST, INC., Barna and Company, Jerry Myers and Peter Rosi, Appellees–Defendants.

No. 46A03–0301–CV–4.

Court of Appeals of Indiana.

Aug. 28, 2003.

---

David P. Jones, Matthew J. Hagenow, Newby, Lewis, Kaminski & Jones, La-Porte, IN, Attorneys for Appellants.

Jerome L. Withered, Sean M. Persin, Withered & Corrigan, Lafayette, IN, Attorneys for Appellees.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Mark and Barbara Grott ("the Grotts"), bring this interlocutory appeal from the trial court's decision to grant Jim Barna Log Systems–Midwest, Inc., ("Jim Barna Midwest"), and Peter Rosi's motion to dismiss. The Grotts present a single issue for our review, namely, whether the trial court erred when it gave effect to a forum-selection clause in the parties' purchase agreement.

We affirm.

### FACTS AND PROCEDURAL HISTORY

On July 23, 2000, the Grotts, residents of LaPorte County, executed a written purchase agreement for a log home package from Jim Barna Midwest, an Indiana corporation located in White County. Rosi signed the agreement as "owner" of Jim Barna Midwest. Appellants' App. at 18. Barna and Company, located in Oneida, Tennessee, manufactures the log home packages sold by Jim Barna Midwest.

Paragraph 29 of the parties' purchase agreement contains a forum-selection clause, which reads as follows:

Customer agrees that any disputes (other than mechanics or materialman's lien claims or similar lien claims) which may arise between it and the seller shall be

determined according to Tennessee law and may be heard only in a court of competent jurisdiction in the State of Tennessee. Any mechanics or material-man's lien claims (or similar claims) shall be heard in any state where mate-rials sold pursuant to this purchase agreement are erected or stored by cus-tomer. Such lien claims, or like claims, shall be determined according to the law of the state where the action is filed. With respect to any such lien claims, any causes of action asserted in the same action, but based on theories other than mechanics and materialman's lien liabili-ty, shall be determined according to the law of the State of Tennessee.

Appellants' App. at 17. Mark initialed all thirty paragraphs of the "Terms and Con-ditions" section, and he signed the final page indicating that he "read and under-stood and agreed to the terms and condi-tions" of the agreement. *Id.* at 18. Jerry Myers, an independent contractor, con-structed the log home for the Grotts on their property.

On March 1, 2002, the Grotts filed a complaint in the LaPorte Circuit Court against Jim Barna Midwest, Rosi, Barna and Company, and Myers, alleging negli-gence, breach of contract, conversion, fraud, and misrepresentation. On April 25, Jim Barna Midwest and Rosi filed an answer to the Grotts' complaint. And on July 2, Jim Barna Midwest and Rosi filed an Indiana Trial Rule 12(B)(2) motion to dismiss or, in the alternative, to transfer to a court of competent jurisdiction in Ten-nessee. In support of that motion, Jim Barna Midwest and Rosi submitted a memorandum urging the trial court to give effect to the forum-selection clause con-tained in the parties' purchase agreement. On September 18, the trial court granted the motion and dismissed the Grotts' claims against Jim Barna Midwest and Rosi.[1] This appeal ensued.

## DISCUSSION AND DECISION

The Grotts maintain that the trial court has personal jurisdiction over Jim Barna Midwest and Rosi. Thus, they contend that the trial court erred when it granted Jim Barna Midwest and Rosi's motion to dismiss. In essence, the Grotts assert that the forum-selection clause in the purchase agreement was not freely negotiated and is unjust and unreasonable. They also assert that the clause does not apply to Rosi. We cannot agree.

### Standard of Review

■■■ A motion to dismiss pursuant to T.R. 12(B)(2) is a proper method of chal-lenging the personal jurisdiction of a trial court. *Lee v. Goshen Rubber Co., Inc.*, 635 N.E.2d 214, 215 (Ind.Ct.App.1994), *trans. denied.* When reviewing a motion to dis-miss for lack of personal jurisdiction, this

---

1. We do not address the Grotts' contention on appeal that the trial court erred "in dismiss-ing the entire action...." Appellants' Brief at 14. Curiously, the Grotts maintain that the trial court also dismissed their claims against Barna and Company and Jerry Myers. There is no support for this contention, since the trial court did *not* dismiss the Grotts' claims against either of those parties. As the Grotts' brief on appeal points out, Barna and Compa-ny withdrew its motion to dismiss "on the grounds that it was not a party to the contract containing the forum-selection clause." Ap-pellants' Brief at 4. And the record indicates that while the Grotts perfected service on Myers, no appearance has been filed on his behalf to date.

A judgment is a final judgment if it disposes of all claims as to all parties. Ind. Appellate Rule 1(H). Because this was not a final judg-ment, the Grotts requested that the trial court certify its order dismissing their claims against Jim Barna Midwest and Rosi for in-terlocutory appeal, and we accepted jurisdic-tion. As such, the Grotts' suggestion that their claims against all of the defendants have been dismissed is not supported either by the record or the appellate rules.

court applies a de novo standard. *See Anthem Ins. Cos. v. Tenet Healthcare,* 730 N.E.2d 1227, 1238 (Ind.2000). Personal jurisdiction is a question of law, and, as such, it either exists or does not. *Id.* The question of its existence is not entrusted to a trial court's discretion. *Id.* When a defendant attacks the jurisdiction over his person, he bears the burden of proof upon that issue by a preponderance of the evidence, unless the lack of jurisdiction is apparent from the face of the complaint. *Lee,* 635 N.E.2d at 215.

■ This court has held that forum-selection provisions are not *per se* invalid. *Horner v. Tilton,* 650 N.E.2d 759, 763 (Ind.Ct.App.1995), *trans. denied.* Contractual provisions, even those occurring in form contracts, that seek to limit the litigation of future actions to particular courts or places are enforceable if they are reasonable and just under the circumstances, and there is no evidence of fraud or overreaching such that the agreeing party, for all practical purposes, would be deprived of a day in court. *Mechanics Laundry & Supply, Inc. v. Wilder Oil Co., Inc.,* 596 N.E.2d 248, 252 (Ind.Ct.App.1992), *trans. denied.* Courts also evaluate whether the provision was freely negotiated. *See Horner,* 650 N.E.2d at 763. Even where the forum-selection clause establishes a remote forum for resolution of conflicts, "the party claiming [unfairness] should bear a heavy burden of proof." *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 592, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991) (quoting *The Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 17, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)).

### Freely Negotiated Agreement

■ To determine whether a forum-selection provision was freely negotiated, courts apply a fact-sensitive test.

*See Horner,* 650 N.E.2d at 763. The consideration of whether a contract is freely negotiated involves a comparison of the bargaining position of the parties to the contract. *Id.* A contract is unconscionable if there exists a great disparity in bargaining power between the parties, which leads the weaker party to sign the contract unwillingly or without awareness of its terms. *See id.* Indiana courts recognize the principle that parties are free to enter into contracts and, indeed, presume that contracts represent the freely bargained agreement of the parties. *Fresh Cut, Inc. v. Fazli,* 650 N.E.2d 1126, 1129 (Ind.1995). A standardized contract is not unenforceable merely because of the unequal bargaining power of the parties. *Rumple v. Bloomington Hosp.,* 422 N.E.2d 1309, 1313 (Ind.Ct. App.1981), *trans. denied.* There must also be a showing that the contract is unconscionable, i.e., one which contains unreasonable or unknown terms and is the product of inequality of bargaining power. *Id.*

■ Here, to validate the purchase agreement, the customer was required to initial each paragraph of the agreement and sign the last page. Because we presume that contracts represent the freely bargained agreement of the parties, we conclude that this agreement represents the freely negotiated wishes of both parties. *See Fresh Cut,* 650 N.E.2d at 1129. The Grotts have not shown otherwise.

Still, the Grotts maintain that the "clear language of the contract indicates that [they] had essentially no choice but to accept the 'Terms and Conditions' by initialing next to each." Appellants' Brief at 13. They claim that because the agreement was a "standardized form contract" drafted by a "superior party," the forum-

selection provision should not be enforced.[2] *Id.* at 10. This claim is tenuous at best. *See Carnival Cruise Lines, Inc.,* 499 U.S. 585 at 593, 111 S.Ct. 1522 (rejecting appellate court's determination that non-negotiated forum-selection clause in form ticket contract is never enforceable simply because it is not subject of bargaining). Indeed, the Grotts do not contend that they expressed any objection to the forum-selection clause or attempted to omit it from the agreement. And there is no indication that Mark initialed each paragraph and signed the contract unwillingly or was unaware of the forum-selection clause. *See Horner,* 650 N.E.2d at 763. In sum, the Grotts have not demonstrated that they were unable to negotiate for the clause to be stricken from the agreement, or alternatively, that they were somehow prevented from doing business with a different log home dealer.

Moreover, the Grotts' contention that the forum-selection clause is not readily visible is without merit. The paragraph explaining the forum-selection clause is not hidden or inconspicuous. In fact, except for the section headings in the agreement, the forum-selection clause is typed in the same size and font style as the rest of the agreement. The Grotts do not deny that they had an opportunity to read and understand the purchase agreement before it was executed.

■ Next, the forum-selection clause is enforceable because the parties agreed to, and incorporated it into their agreement. It is in the best interest of the public that persons should not be unnecessarily restricted in their freedom of contract. *Ransburg v. Richards,* 770 N.E.2d 393, 395 (Ind.Ct.App.2002), *trans. denied.*

We have long recognized and respected this freedom. *See id.* As a general rule, the law allows competent adults the utmost liberty in entering into contracts that, when entered into freely and voluntarily, will be enforced by the courts. *Zollman v. Geneva Leasing Assocs., Inc.,* 780 N.E.2d 387, 392 (Ind.Ct.App.2002).

■ Here, the forum-selection clause clearly states that disputes between the seller and the customer must be litigated in Tennessee. As an indication of the Grotts' assent to that provision, Mark initialed the forum-selection clause and signed the final page of the agreement. The Grotts have not carried their burden to rebut the presumption that the purchase agreement, including, the forum-selection clause, was the result of a freely negotiated deal. Contracts are private, voluntary allocations by which two or more parties distribute specific entitlements and obligations. *Johnson v. Scandia Assocs., Inc.,* 717 N.E.2d 24, 29 (Ind.1999). The Grotts and Jim Barna Midwest and Rosi voluntarily agreed that the litigation of any disputes arising from the purchase agreement would occur in Tennessee. As such, there is no reason for us to upset the bargained-for expectations of the parties. We conclude that the forum-selection clause is freely negotiated and enforceable.

### Unjust and Unreasonable

■ The Grotts also assert that the forum-selection clause is unjust and unreasonable, and enforcement of the clause "would for all practical purposes deprive [them] of their day in court." Appellants' Brief at 10. To avoid litigation in Tennessee, the Grotts must prove that trial in the contractual forum will be so gravely diffi-

---

**2.** The Grotts assert that Barna and Company prepared the contract, which is probably correct, but nothing in the record supports that assertion. And the Grotts have not provided us with a transcript of the hearing on the motion to dismiss or any evidence that they were in a position of inferior bargaining power in this transaction.

cult and inconvenient that they will, for all practical purposes, be deprived of their day in court. *See Horner,* 650 N.E.2d at 763–63 (quoting *Bremen,* 407 U.S. at 18, 92 S.Ct. 1907). Before a trial court may disregard or set aside an agreed-to forum-selection clause, the party opposing the enforcement must "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *See Kimco Leasing, Inc. v. Ransom Junior High School,* 556 N.E.2d 1371, 1372 (Ind. Ct.App.1990) (quoting *Bremen,* 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513).

■ In this case, the Grotts want to litigate this action in LaPorte County, but the forum-selection clause in the purchase agreement stipulates that the action must be litigated in Tennessee. Rather than deprive them of their day in court, the clause simply designates where the parties will litigate claims arising from their agreement. Nonetheless, the Grotts contend that the "practical effect of requiring the parties to travel to Tennessee to litigate this dispute would be to interject otherwise unnecessary travel expenses, costs, and fees." Appellants' Brief at 11. But they bear a heavy burden to prove that trial in Tennessee would be gravely difficult and inconvenient. *See Bremen,* 407 U.S. at 17, 92 S.Ct. 1907.

A claim that unnecessary travel expenses will result from trial in the contractual forum is far from sufficient, by itself, for this court to conclude that an otherwise reasonable and freely negotiated contractual provision is unenforceable. Although litigation in Tennessee may well be less convenient for the Grotts than resolving the dispute in Indiana, it will not deprive them of their day in court. *See Roberts &*

*Schaefer Co. v. Merit Contracting, Inc.,* 99 F.3d 248, 254 (7th Cir.1996) (holding forum-selection clause stipulating disputes would be litigated in Illinois enforceable because it was freely negotiated, parties were of roughly equal bargaining power, and party only had to travel from Pennsylvania to Illinois). We conclude that enforcement of the forum-selection clause would not be unjust or unreasonable.

### Rosi

■ Finally, the Grotts contend that "Rosi was not a party to the contract and therefore the forum-selection clause should not apply to the lawsuit filed against him." Appellants' Brief at 14. The Grotts maintain that they are "seeking to pierce the corporate veil in this litigation," and besides the breach of contract claim, they are also suing Rosi in his individual capacity. Appellants' Reply Brief at 9. However, the Grotts do not make any cogent argument in support of this claim. As such, the issue is waived. *See Hollowell v. State,* 707 N.E.2d 1014, 1025 (Ind.Ct.App. 1999) (observing that failure to present cogent argument constitutes waiver of issue for appellate review); Ind. Appellate Rule 46(A)(8)(a).

■ Waiver notwithstanding, we address the Grotts' contention that the forum-selection clause does not govern their claims against Rosi. Rosi signed the purchase agreement on behalf of Jim Barna Midwest as "owner," not as an individual.[3] As a general rule, when the designation by a person's signature indicates that he is an officer or agent of an organization, without more, his status with respect to the document is that of a representative. *Rajski v. Tezich,* 514 N.E.2d 347, 349 (Ind.Ct.App. 1987), *trans. denied.* Here, however, the

---

**3.** Because Jim Barna Midwest is a corporation, Rosi cannot be "the owner" of the corporation. As such, we infer that Rosi means

he is the primary or majority shareholder of Jim Barna Midwest.

question presented is not whether Rosi signed the purchase agreement in a representative capacity, or is a party to the agreement, but whether, as a signatory he is subject to the forum-selection clause regardless of his status under the agreement.

The Texas Court of Appeals has applied forum-selection clauses to nonsignatories to a contract who are "transaction participants." *See Accelerated Christian Educ., Inc. v. Oracle Corp.*, 925 S.W.2d 66, 75 (Tex.App.1996) (quoting *Brock v. Entre Computer Ctrs., Inc.*, 740 F.Supp. 428, 431 (E.D.Tex.1990)).[4] As the court stated, "[b]y transaction participant, we mean an employee of one of the contracting parties who is individually named by another contracting party in a suit arising out of the contract containing the forum-selection clause." *Id.* Likewise, federal courts have held that transaction participants, be they parties or non-parties to the contract, benefit from, and are subject to, a forum-selection clause. *See Stephens v. Entre Computer Ctrs., Inc.*, 696 F.Supp. 636, 639 (N.D.Ga.1988); *Clinton v. Janger*, 583 F.Supp. 284, 290 (N.D.Ill.1984).

 Here, Rosi is not merely an employee of Jim Barna Midwest. He is both the self-described "owner" of the corporation and a signatory to the purchase agreement. The Grotts' claims against Rosi arise out of the agreement. Thus, we hold that Rosi is a "transaction participant" and is subject to the forum-selection clause.

### CONCLUSION

In sum, the trial court properly granted Jim Barna Midwest and Rosi's motion to

dismiss. The forum-selection clause clearly stipulates that any disputes that arise between the parties must be litigated in Tennessee. The provision was freely negotiated, and enforcement of the clause will not deprive the Grotts of their day in court. Therefore, the provision is neither unjust nor unreasonable, and it is not the result of overreaching by a stronger party. And because Rosi was a transaction participant under the purchase agreement, the forum-selection clause governs the Grotts' claims against him.

Affirmed.

BROOK, C.J., and BAILEY, J., concur.

---

4. In *Accelerated Christian*, 925 S.W.2d at 69, the parties entered into contracts regarding the use of Oracle's software and technical support and consulting services. The contracts contained a forum-selection clause that required any legal action relating to the agreements to be filed in California. *Id.* Accelerated brought suit in Texas against Oracle and Gregory Brady, an Oracle sales manager. *Id.* The trial court found that the forum-selection clause precluded Accelerated from filing suit in Texas. *Id.* The Court of Appeals affirmed and also held that Brady was a transaction participant and subject to the clause. *Id.* at 75.