**BOWLERS COUNTRY CLUB, INC., Appellant–Plaintiff,**

v.

**ROYAL LINKS USA, INC., Mike Tierney, and Frontier Leasing Corporation, Appellees–Defendants.**

No. 71A05–0508–CV–453.

Court of Appeals of Indiana.

May 3, 2006.

Christopher L. Laux, Notre Dame, for Appellant.

R. Brock Jordan, Gene A. Wheeler, Rubin & Levin, P.C., Indianapolis, for Appellee Frontier Leasing Corporation.

## OPINION

CRONE, Judge.

### Case Summary

Bowlers Country Club, Inc. ("Bowlers") appeals the trial court's order dismissing its complaint against Royal Links USA, Inc. ("RLU"), Mike Tierney, and Frontier Leasing Corporation ("Frontier"). We af-

firm.[1]

## Issues

We consolidate and restate Bowlers' two issues into one dispositive issue, whether the trial court erred in granting the motion to dismiss Bowlers' claims. Frontier raises an additional issue, which we must address preliminarily: whether deficiencies in Bowlers' motion to correct error require dismissal of this appeal.

## Facts and Procedural History

On August 23, 2004, RLU entered into a five-year program agreement ("RLU contract") with Bowlers. Pursuant to the RLU contract, Bowlers would permit RLU to "display sponsorships on its Express Hospitality Center unit[s] in exchange for sponsoring sharing revenue." Appellee's Addendum at 3. On or about that same date, Bowlers agreed to lease for five years a new "Express Hospitality Center" from Frontier pursuant to an equipment lease agreement ("Frontier contract"). Id. at 1–2. Robert Anderson, identified as Bowlers' "Club Ops. Manager," initialed the first page and signed the second page of the undated Frontier contract. Id.

In late February 2005, Frontier sued Bowlers for nonpayment. Frontier filed its action in Iowa, relying upon the following language from the Frontier contract:

Remedies: ... You agree that this Lease shall be performed by lessee in Des Moines Polk County, Iowa and that venue is proper in Des Moines, Polk County, Iowa, and that any suit on this Lease shall be proper if filed in the Iowa District Court for Polk County.

App. at 9; Add. at 2; Appellee's Br. at 4. As Bowlers' counsel would later explain, "Anderson, with [Bowlers' counsel's] office help, filed a verified motion to dismiss

1. Frontier filed a motion to strike Bowlers' reply brief and to dismiss the appeal. For reasons outlined in this opinion, we deny the motion to dismiss Bowlers' appeal. While we do not strike Bowlers' reply brief in its entirety, we do strike portions of the reply brief. Specifically, we strike the following sentence: "It is hard to know whether they are intentionally attempting to mislead the court or if it is just an oversight, albeit, a major oversight." Reply Br. at 4, 6. See Indiana Dep't of Envtl. Mgmt. v. Med. Disposal Servs., 729 N.E.2d 577, 581 n. 10 (Ind.2000) (striking hyperbolic and accusatory language for its inappropriate tone and lack of respect toward the opposing party); see also Ind. Appellate Rule 42. Likewise, we strike Bowlers' statements that the issue of comity was first raised in Frontier's Appellee's Brief. App. R. 42. To the contrary, the word "comity" appeared (though was not given extensive discussion) in both Frontier's motion to dismiss and in its response to Bowlers' motion to correct error. Appellant's App. at 46, 63. Further, though not mentioned by name, the concept of comity was discussed at the April 22, 2005, hearing on the motions to dismiss. Id. at 78–79, 83.

To the extent Bowlers complains of omissions in the CCS, it should have raised this problem earlier and therefore has waived it on appeal. See Turner v. State, 508 N.E.2d 541, 543 (Ind.1987) (noting duty of appellant to present record that is complete; matter not contained in record is not proper subject for review).

As for the suggestion about a "message" being sent, we view this as zealous advocacy rather than disrespect for the trial court, and therefore do not strike it. See Reply Br. at 11. Regarding the various "facts" without evidentiary support, we extend some leeway to Bowlers under these particular circumstances where its complaint was dismissed very quickly—approximately seven weeks after it was filed, and where the trial court did not permit the introduction of evidence at the dismissal hearing. Moreover, we "acknowledge that arguments of counsel are not evidence that trial courts may consider when making factual determinations," yet a "clear and unequivocal admission of fact by an attorney is a judicial admission which is binding on the client." See In re K.H., 838 N.E.2d 477, 480 (Ind.Ct.App.2005). Finally, we do not strike Bowlers' reply brief due to redundancy. Frontier cites no case where a reply brief was struck purely because it was redundant to the appellant's brief within the same case.

[Frontier's] complaint," indicating that Bowlers is a "small nonprofit nine-hole . . . golf course with a membership consisting of blue-collar workers" doing business in St. Joseph County. App. at 72.

On March 9, 2005, Bowlers filed its "Complaint to Rescind Unconscionable Contract" against RLU, Tierney, and Frontier, in the St. Joseph Superior Court. *Id.* at 7–16. On April 4, 2005, RLU filed its "Rule 12(B) Motion to Dismiss Based on Contractual Forum Selection Clause" and brief in support thereof. *Id.* at 17–42. Within its materials, RLU argued that Indiana lacked jurisdiction due to the forum selection clause[2] of the RLU contract and noted, "[t]here is currently a proposed national class action pending in the United States District Court for the Northern District [of Ohio against RLU, which] sets forth similar claims" to Bowlers'. *Id.* at 17, 18 n. 1. A hearing was set in the St. Joseph's Superior Court for April 22, 2005. *Id.* at 2. The CCS entry for April 14, 2005 reflects that Frontier filed "its [own] motion to dismiss [Bowlers'] complaint and notice of hearing set for 4/22/05 @ 9:00 a.m." *Id.* at 2, 43–53.

By the time the April 22, 2005, hearing began in the St. Joseph Superior Court— eighteen days after RLU's motion to dismiss was filed and eight days after Frontier's motion to dismiss was filed—Bowlers had not filed a response to either motion to dismiss nor had it conducted discovery. Further, at the hearing, Bowlers' counsel asserted that he "did not know" Frontier's

motion to dismiss would be addressed in addition to RLU's. *Id.* at 65–66. However, the trial court read aloud the April 14, 2005 docket entry and proceeded. *Id.* at 66. Bowlers' counsel then argued that Bowlers is "not a sophisticated outfit,"[3] that Bowlers did not seek out the arrangement with RLU and Frontier, and that the agreement was unconscionable. *Id.* at 70–72. In asserting onesidedness, oppression, and unfair surprise, Bowlers' counsel attempted to have certain evidence admitted as follows:

> It's interesting to note that Mike Tierney[4], an employee of [RLU] did present this program to the entire Bowlers board. It's in the minutes. One of the brochures that were handed out—and if you would like me to have this marked -

> THE COURT: No. This is a motion to dismiss. I'm not receiving evidence.

*Id.* at 72–73. The parties went on to discuss, *inter alia,* forum selection and the concept of comity. *See id.* at 78–79, 83. The court took the matter under advisement.

On April 26, 2005, the trial court issued the following order:

> [Bowlers'] claims against [RLU] shall be and hereby [are] dismissed in light of the fact that the agreement entered into between [Bowlers] and [RLU] provides that all litigation concerning that [the RLU contract] shall be pursued in the courts of Lucas County, Ohio. [Bowlers']

---

2. The RLU forum selection clause provides: "Any action related to this Agreement may be brought only in the courts of Lucas County, Ohio, or, if it has or can acquire jurisdiction, in the United States District Court for the Northern District of Ohio, Western Division. Each party consents to the exclusive jurisdiction of such courts (and of the appropriate appellate courts) in any such action or proceeding and waives any objection to venue laid therein." App. at 3.

3. Indeed, Anderson, though not sworn in, stated that annual certificates/dues at Bowlers cost $20.00 or $30.00. App. at 70.

4. The record reveals no evidence that Tierney has answered Bowlers' complaint or appeared.

claims against [Tierney, whom Bowlers'] Complaint identifies as the agent of [RLU] in the procurement of the [Bowlers'] execution of the agreement at issue, is similarly dismissed. *See Grott v. Jim Barna Log Systems–Midwest, Inc.,* 794 N.E.2d 1098 (Ind.Ct.App.2003), *trans. denied.*

[Bowlers'] claims against [Frontier] shall be and hereby [are] dismissed in light of the fact that the agreement entered into between [Bowlers] and [Frontier] provides that proper venue lies in Polk County, Iowa and in light of the fact that litigation has commenced and is pending between the parties, regarding that agreement at issue, in Polk County, Iowa.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the case shall be and hereby is dismissed pursuant to T.R. 12(B)(2).

App. at 3–4. The court's order also included a footnote stating: "The Court understands the parties' separate Motions to have been filed pursuant to T.R. 12(B)(2)." *Id.* at 3.

On or about May 26, 2005, Bowlers filed a motion to correct error. *Id.* at 54–56. Frontier filed a response on or about June 10, 2005. *Id.* at 58–64. After reviewing the filings, the court issued an order on June 14, 2005, denying Bowlers' motion to correct error. Bowlers filed a timely notice of appeal. Apparently, RLU filed bankruptcy on August 19, 2005.

**Discussion and Decision**

### I. Motion to Correct Error

■ Frontier argues that Bowlers' appeal should be dismissed "outright because of the inadequacy of Bowlers' Motion to Correct Error." Appellee's Br. at 8. Frontier asserts that Bowlers' motion provides no citations to authority or to affidavits/evidence and is therefore noncompliant with

Trial Rule 59(D), (H). Frontier then notes, "[n]oncompliance with the requirements of T.R. 59 historically has served as the basis for this Court's refusal to review an appeal on its merits." *Id.* at 9, 10 (citing, *inter alia, In re Adoption of Thomas,* 431 N.E.2d 506, 511 (Ind.Ct.App.1982), and *Hoult v. Grubb,* 159 Ind.App. 454, 456, 307 N.E.2d 508, 510 (1974)). Frontier contends that we should extend the principle that failure to cite authority or to present cogent argument waives appellate review. We disagree.

"Formerly, a motion to correct error under Trial Rule 59 was a prerequisite to appellate review in almost every case." *Walker v. Pillion,* 748 N.E.2d 422, 425 (Ind.Ct.App.2001). "The procedure allowed the trial court an opportunity to correct alleged error prior to appeal; it developed the issues to be raised on appeal; and it provided notice to the party prevailing at trial of which issues were going to be appealed." *Id.* In the past, the failure to raise an issue in a motion to correct error would normally result in waiver on appeal. *See id.* Moreover, if a party raised an issue, but did so without specificity, the penalty was often "affirmance of the trial court's decision without consideration of the merits on appeal." *Thomas,* 431 N.E.2d at 511.

The trial rules have changed since the issuance of *Thomas* and the other cases cited by Frontier. Under the current rules of procedure, the filing of a motion to correct error is mandatory in only two situations: 1) newly discovered material evidence; and 2) a claim that a jury verdict is excessive or inadequate. *See* Ind. Trial Rule 59(A)(1), (2). That is to say, a "Motion to Correct Error is not a prerequisite to appeal, except when a party seeks to address" newly discovered evidence or an excessive/inadequate verdict. *Id.* "Indiana Supreme Court Amendments to

Rule 59, on January 1, 1989, February 16, 1989, an Order of interpretation on March 16, 1989, and Amendments on January 5, 1990, and January 17, 1990, radically altered the Rule, many of its interpretative decisions which accreted over 20 years, and much of its analytical literature." 4 WILLIAM F. HARVEY, INDIANA PRACTICE: RULE OF PROCEDURE ANNOTATED § 59.1 (3d ed.2003).

Despite the rule change, the rationale for *Thomas* still exists today; "[n]either the trial court nor the courts on appeal should be put to the task of following a meager trail of clues through a rhetorical jungle to determine what counsel had on his mind by way of issues." *Thomas,* 431 N.E.2d at 511. However, we agree with the following view that the application of the waiver rule is now limited.

> [The rule that mandatory issues addressed in a motion to correct error must be specific] would not seem to apply to any error alleged in a permissible, but non-mandatory, motion to correct error, raising issues other than those described in Trial Rule 59(A)(1) and (2). It is hard to see how a lack of specificity could cause a waiver of such an issue since the issue did not have to be put in a motion to correct error at all.

4A KENNETH M. STROUD, INDIANA PRACTICE: APPELLATE PROCEDURE § 4.3 (2d ed.1990).

Here, there can be no doubt that Bowlers' motion to correct error met neither the specificity requirement nor the "supported by affidavit" requirement that Trial Rule 59 imposes for mandatory motions to correct error. Yet, it is equally clear that Bowlers' motion to correct error, which addressed neither newly discovered evidence nor a jury verdict, was not compulsory. Rather, distilled to its essence, Bowlers' motion sought additional discovery and an evidentiary hearing. Thus, we conclude that Bowlers' defective, permissive motion to correct error cannot form the basis for an affirmance of the trial court's decision without consideration of the merits on appeal. Accordingly, while the trial court correctly denied Bowlers' defective motion to correct error, Bowlers' has not forfeited its appeal of the trial court's order dismissing Bowlers' complaint.

### II. Motion to Dismiss

■ Bowlers faults the trial court for not allowing discovery to be completed and for not conducting an evidentiary hearing. Bowlers cites *Dexter Axle Co. v. Baan USA, Inc.,* 833 N.E.2d 43 (Ind.Ct.App. 2005), and statutory law for the proposition that when a claim of unconscionable contract is made, the parties must be afforded a reasonable opportunity to present evidence of the commercial setting, purpose, and effect. *See* Appellant's Br. at 10–11 (citing Ind.Code § 26–1–2–302(2) and Ind.Code § 26–1–2.1–108(3)). In its related argument challenging the dismissal of its complaint, Bowlers contends that the trial court should not have given effect to the forum selection clause because the Frontier contract contained "unreasonable terms" and was the product of "unequal bargaining power." Appellant's Br. at 9, 13–15 (citing *Grott v. Jim Barna Log Systems–Midwest,* 794 N.E.2d 1098 (Ind.Ct. App.2004), *trans. denied*). We conclude that Bowlers' arguments, while intriguing, are properly left for the court in Iowa. We explain our rationale below.

■■ "Based upon principles of comity, Indiana courts *may* decline to interfere with proceedings in another state out of deference and goodwill." *George S. May Int'l Co. v. King,* 629 N.E.2d 257, 260 (Ind.Ct.App.1994) (emphasis added), *trans. denied.* Comity serves to avoid conflicting results and to discourage repeated litigation of the same question. *See id.* "How-

ever, comity is not a mandatory rule of law, but is a rule of practice, convenience, and courtesy." *Id.; cf. Fackler v. Powell,* 839 N.E.2d 165, 169 (Ind.2005) (discussing comity between and among the courts of this state and discussing trial rule that allows party to move for dismissal on grounds that same action is pending in another Indiana court); *see also Cinergy Corp. v. St. Paul Surplus Lines Ins. Co.,* 785 N.E.2d 586, 591 (Ind.Ct.App.2003) (noting general principle that "when an action is pending before one Indiana court, other Indiana courts *must* defer to that court's authority over the case.") (emphasis added), *trans. denied.* As a "principle which may or may not be applied at the discretion of the trial court, the use of comity should be reviewed for an abuse of that discretion." *In re Arbitration Between Am. Gen. Fin. Servs., Inc. and Miller,* 820 N.E.2d 722, 724 (Ind.Ct.App.2005).

Here, the trial court's order revealed its two-fold reason for dismissing Bowlers' complaint:

> [Bowlers'] claims against [Frontier] shall be and hereby [are] dismissed in light of the fact that the agreement entered into between [Bowlers] and [Frontier] provides that proper venue lies in Polk County, Iowa and in light of the fact that litigation has commenced and is pending between the parties, regarding that agreement at issue, in Polk County, Iowa.

App. at 3–4. Restated and in context, the trial court determined that Frontier had already sued Bowlers in Iowa regarding this same matter, and therefore, the interests of comity dictated that the dispute regarding the Frontier contract, including its forum selection clause, be resolved in Polk County.

Given the circumstances presented, we cannot say that the trial court abused its discretion in declining to interfere with the Iowa case. Not only had Frontier already filed its action in Polk County, Bowlers had already filed a motion to dismiss the Iowa action. Presumably, in the Iowa proceeding, Bowlers has raised or is free to raise the same challenges regarding the jurisdiction, the Frontier contract's forum selection clause, "gotcha race to the courthouse," unconscionability, three-way agreement, etc., that it has attempted to assert in the present action. Provided that Bowlers follows applicable procedures, it should have an opportunity for full discovery and a complete presentation of its compelling arguments to the Iowa court. By granting the motion to dismiss Bowlers' complaint, the St. Joseph Superior Court wisely avoided the potential for conflicting results and/or repeated litigation, while simultaneously upholding the valid interests of deference, courtesy, and goodwill. Accordingly, we affirm the trial court's order dismissing Bowlers' complaint.[5]

Affirmed.

KIRSCH, C. J., and BAILEY, J., concur.

---

**5.** "Inasmuch as dismissal based on comity is not a determination on the merits," we point out that the dismissal was without prejudice.

*See Amer. Econ. Ins. Co. v. Felts,* 759 N.E.2d 649, 661 (Ind.Ct.App.2001).