# FOR PUBLICATION



FILED

Mar 18 2013, 8:22 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANTS:

**BRUCE P. CLARK**
**JENNIFER E. DAVIS**
**KATHERINE Y. GAPPA**
Bruce P. Clark & Associates
St. John, Indiana

ATTORNEY FOR APPELLEE:

**ERIC L. KIRSCHNER**
Green & Kuchel, P.C.
Schererville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CARMEUSE LIME & STONE and | ) | |
| CARMEUSE LIME, INC., | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1211-CC-462 |
| | ) | |
| ILLINI STATE TRUCKING, INC., | ) | |
| | ) | |
| Appellee. | ) | |

**APPEAL FROM THE LAKE SUPERIOR COURT**
The Honorable William E. Davis, Judge
Cause No. 45D05-1206-CC-78

**March 18, 2013**

**OPINION - FOR PUBLICATION**

**BROWN, Judge**

Carmeuse Lime & Stone and Carmeuse Lime, Inc. (collectively, "Carmeuse") appeal from the trial court's order dismissing their complaint in favor of Illini State Trucking, Inc. ("Illini"). Carmeuse raises one issue which we revise and restate as whether the court erred in dismissing its complaint. We affirm.

FACTS / COURSE OF PROCEEDINGS

The relevant facts follow.[1] On December 7, 2007, John Ruiz, an employee of Nick's Transport, a subcontractor of Illini, was injured on the premises of Carmeuse when he stepped into lime and/or other chemicals and received chemical burns. On November 30, 2009, Ruiz filed a complaint against Carmeuse in the Lake County Superior Court alleging premises liability,[2] and on January 14, 2010, Carmeuse filed a notice to have the case removed to federal court due to diversity, noting that Carmeuse "is incorporated in the State of Delaware and its principal place of business is located in the State of Pennsylvania." Appellants' Appendix at 5. On November 15, 2010, Carmeuse filed a third party complaint in the federal action against Illini alleging that at the time of the accident "there was in full force, effect, and existence a contract . . . by which Illini contracted and agreed and was required to indemnify, defend, and hold

---

[1] Carmeuse's appendix does not contain a copy of the chronological case summary ("CCS"). We direct Carmeuse's attention to Ind. Appellate Rule 50(A)(2) which provides that "[t]he appellant's Appendix shall contain . . . copies of the following documents, if they exist: (a) the chronological case summary for the trial court . . . ."

[2] Specifically, Ruiz alleged that he was driving a truck within Carmeuse's facility and "had to drive to the side of a road due to equipment located on the opposite side," that his truck ended up in a ditch, that he exited the truck into what he believed to be knee-deep snow, and that it was "later determined that the ditch contained 'lime' and/or other chemicals, which caused [Ruiz's] legs to burn." Appellants' Appendix at 1-2.

harmless Carmeuse." Id. at 9. Specifically, the third party complaint recited Paragraph 12.1 of the contract, which it noted was attached as "Exhibit 'A,'"[3] stated:

> Carrier [Illini] shall indemnify, defend, and hold harmless Shipper [Carmeuse], its employees, agents, representatives, successors and assigns from and against any and all judgments, costs, damages, claims, causes of action and expenses (including attorneys fees) resulting from or arising out of any injuries to persons (including death) and damage to property caused by [C]arrier's performance hereunder or the negligent acts or omissions of the Carrier, its employees, agents, servants or representatives.

Id.

On March 18, 2011, Illini consented to federal jurisdiction. On May 18, 2011, Illini filed a motion to dismiss Carmeuse's third party complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and brief in support, as well as a counterclaim against Carmeuse stating that Paragraph 12.2 of the contract contains a similar indemnity clause in Illini's favor for negligent acts of Carmeuse, that Ruiz's complaint alleges premises liability negligence on Carmeuse's part, and that Carmeuse "owes Illini indemnification and reimbursement for attorneys fees and expenses incurred in the defense of the underlying action and in bringing this third party counter-claim." Id. at 21. On August 4, 2011, the federal court issued an order granting Illini's motion to dismiss Carmeuse's third party complaint without prejudice, ruling that it failed to allege "any facts that Ruiz's personal injuries were 'caused by [Illini's] performance [under the agreement] or the negligent acts or omissions of [Illini], its employees, agents, servants or representatives" and was "devoid of any factual allegation as to causation." Id. at 30. The order also left pending Illini's counterclaim against Carmeuse.

---

[3] We note that although the contract is contained in the appellants' appendix as an attachment to Carmeuse's motion for leave to amend complaint and proposed amended complaint filed in the instant state action, it is not contained in the appendix following the third party complaint in the federal action.

On November 14, 2011, Carmeuse filed a motion for leave to file a counterclaim against Illini,[4] and on November 18, 2011 Illini moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). On December 29, 2011, Ruiz and Carmeuse filed a stipulation of dismissal stating that all matters between them had been amicably settled, and on January 4, 2012, the court so ordered dismissal with prejudice and noted that the counterclaim filed by Illini remained pending. On January 18, 2012, the court entered an opinion and order denying Carmeuse's motion for leave to file a counterclaim and Illini's motion for judgment on the pleadings, and left Illini's counterclaim against Carmeuse pending. On March 1, 2012, Carmeuse filed a motion to remand the matter back to state court, arguing that the federal court no longer had jurisdiction.[5] On April 18, 2012, the court issued an opinion and order declining to exercise supplemental jurisdiction over Illini's counterclaim.[6]

On June 26, 2012, Carmeuse filed a complaint against Illini in the Lake County Superior Court. The complaint contained substantially-similar language to Carmeuse's previous third-party complaint filed in federal court and, indeed, stated among other things that "complete diversity remains," that "[o]n or about December 7, 2007, the plaintiff herein was purportedly injured on the defendant's premises after allegedly stepping into lime," that "[t]he plaintiff was an employee of Nick's Transport," that "[a]ll of the claims against Carmeuse, as alleged in plaintiff's Complaint, are covered by the

[4] Carmeuse's proposed counterclaim is not contained in the record on appeal.

[5] Specifically, Carmeuse argued that "with respect to Illini's Counter-Claim, there is nor [sic] reason to believe, or evidence to support, that the amount in controversy . . . will amount to $75,000.00" which is a requirement for a federal court to maintain diversity jurisdiction. Appellants' Appendix at 58.

[6] We note that part of the federal court's April 18, 2012 order, including the conclusion, was not included in the appellants' appendix.

contract between Carmeuse and Illini," and that "WHEREFORE, the Counter-claimant/defendant, Carmeuse . . . prays that this Court find that the counter-defendant/claimant, Illini . . . must indemnify . . . Carmeuse . . . ." Id. at 71-73. On July 26, 2012, Illini filed a motion to dismiss pursuant to Ind. Trial Rule 12(B)(6) and brief in support arguing that the complaint failed to meet the minimal requirements of Ind. Trial Rule 8(A) and that it made "no sense as it is doubtful that Carmeuse . . . was driving a truck or jumped into a lime pit." Id. at 78. Illini's brief also stated that Carmeuse's complaint suffered from the same deficiencies that caused the federal court to deny its motion for leave to file a counterclaim, and Illini attached as an exhibit a copy of the January 18, 2012 order.

On or about August 28, 2012, Carmeuse filed a response to Illini's motion to dismiss requesting that the court deny Illini's motion and referencing its motion for leave to amend pursuant to Ind. Trial Rule 15(a) and attached and also filed a proposed amended complaint, with the contract attached. On or about September 7, 2012, Illini filed its Objections to Carmeuse's Motion for Leave to File Amended Complaint (the "Objection") and began by stating that the proposed amended complaint failed to state a cause of action because its assertions regarding the underlying claim constituted "a legal conclusion stating that there were acts or omissions by Illini and fully fails to state a short and plain statement of relief or to state any claim of actual negligence against Illini," that "the acts alleged in the proposed amended complaint are acts by Carmeuse on Carmeuse's property, which caused the injuries to Mr. Ruiz," and that "[t]he allegation that Carmeuse settled its claim with Ruiz for $7500 clearly indicates where the

negligence was." Id. at 122-123. The Objection also stated, under the heading "Improper

Venue," as follows:

> The motor carrier/shipper agreement that has been attached and Paragraph 12 of that agreement cited by Carmeuse clearly does not apply. There have been no negligent acts or omissions of Illini or its agents even mentioned in any complaint ever filed by Carmeuse. However, the document at [P]aragraph 19 does say that with respect to any legal action related to this agreement, the action shall be brought and maintained in Allegheny County, Pennsylvania; to that effect, [Illini] and [Carmeuse] each hereby consent to personal jurisdiction and acknowledge venue is proper in that forum. Therefore, this matter should be filed in Pittsburgh, Pennsylvania and not in the State of Indiana. This issue was never raised in any of the Federal pleadings as Illini was a third-party defendant and the complaint against it was dismissed by the court. It is now time to point out that the agreement upon which Carmeuse claims this action is based mandates that this matter be filed in Pittsburgh, Pennsylvania.

Id. at 123.

On September 17, 2012, the court held a hearing on the filed motions.[7] On

October 1, 2012, Carmeuse filed its response to Illini's Objection which stated in part that

"for the first time in the entire course of litigation, Illini challenges forum" and that

Carmeuse is "unaware of the exact reason(s) Illini waited until this juncture," but "Illini

should not be permitted to raise a challenge to forum after consistently waiving any

objection in every proceeding and pleading up to this point." Id. at 128. On October 4,

2012, the court issued an order stating:

> [Carmeuse] filed a Motion to Amend its Complaint on August 28, 2012. This amendment is sought in response to [Illini's] Motion to Dismiss

---

[7] The record does not contain a transcript of this hearing. Also, as noted above, the record does not contain a CCS – thus, the record does not document that this hearing occurred. However, Carmeuse notes in its statement of the facts that "[t]he trial court held a hearing on [Carmeuse's] Motion for Leave and [Illini's] Objection thereto on September 17, 2012, and permitted Carmeuse to file a Response to Illini's objection . . . ." Appellants' Brief at 6. Also, the court noted in its October 4, 2012 order that "[a]fter the Court *heard the Parties['] oral argument* the Court allowed [Carmeuse] to file a response to [Illini's] objection to the amendment." Appellants' Appendix at 156 (emphasis added).

filed on July 26, 2012. After the Court heard the Parties['] oral argument the Court allowed [Carmeuse] to file a response to [Illini's] objection to the amendment.

After taking the matter under advisement and reviewing the memoranda exhibits and relevant case law and Court rule [sic] the Court now Dismisses [Carmeuse's] Complaint and Dismisses [Carmeuse's] Motion to Amend.

The Contract that [Carmeuse] seeks the Court to review and eventually enforce its indemnification and hold harmless clauses, clearly states that the venue for any legal action related to the agreement would be in Allegheny County Pennsylvania. The Parties agreed to this forum in their contract. Yet [Carmeuse] wants to enforce the contract but ignore this venue provision.

The Court finds the proper venue for any action dealing with any alleged negligence of Illini's or its subcontractor's employees in the performance of their employment under the contract should be in the forum which the Parties to the contract agreed upon, or Allegheny County Pennsylvania.

The Complaint is Dismissed and the Motion to Amend the Complaint is likewise Denied. This is a Final Appealable Order.

Id. at 156-157.

ISSUE / STANDARD OF REVIEW

The issue is whether the court erred in dismissing Carmeuse's complaint.[8]

Initially, we note that the court in its October 4, 2012 order recognized that it reviewed

memoranda exhibits in ruling on Illini's motion to dismiss and Carmeuse's motion for

leave to amend and therefore considered evidence outside of the pleadings. Accordingly,

we review Illini's motion to dismiss as a motion for summary judgment. See Ind. Trial

Rule 12(B) ("If, on a motion, asserting the defense number (6), to dismiss for failure of

the pleading to state a claim upon which relief can be granted, matters outside the

_____
[8] We observe that Carmeuse does not specifically challenge the court's denial of its motion for leave to amend.

7

pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56."); New Albany-Floyd Cnty. Educ. Ass'n v. Ammerman, 724 N.E.2d 251, 255 n.7 (Ind. Ct. App. 2000) ("Although the trial court specifically granted Holman's motion to dismiss and did not rule on his motion for summary judgment, we must nevertheless treat the former as a motion for summary judgment on review."); Galbraith v. Planning Dep't of City of Anderson, 627 N.E.2d 850, 852 (Ind. Ct. App. 1994) (treating the trial court's dismissal of plaintiff's complaint as a summary judgment for the defendant when plaintiff submitted an affidavit and trial court acknowledged that it considered matters outside the pleadings); Valley Fed. Sav. Bank v. Anderson, 612 N.E.2d 1099, 1101 (Ind. Ct. App. 1993) ("When matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment.").

Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); Mangold ex rel. Mangold v. Ind. Dep't of Natural Res., 756 N.E.2d 970, 973 (Ind. 2001). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmovant. Mangold, 756 N.E.2d at 973. Our review of a summary judgment motion is limited to those materials designated to the trial court. Id. We must carefully review a decision on summary judgment to ensure that a party was not improperly denied its day in court. Id. at 974. In reviewing a grant of summary judgment we face the same issues as the trial court and follow the same process. Klinker v. First Merchs. Bank, N.A., 964 N.E.2d 190, 193 (Ind. 2012). Under Trial Rule 56(C), the moving party bears

8

the burden of making a *prima facie* showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Id. If it is successful, the burden shifts to the nonmoving party to designate evidence establishing the existence of a genuine issue of material fact. Id.

ANALYSIS

Paragraph 19.2 of the contract states:

> With respect to any legal action related to this Agreement, the action shall be brought and maintained in Allegheny County, Pennsylvania; to that effect, [Illini] and [Carmeuse] each hereby consent to personal jurisdiction and acknowledge venue is proper in that forum.

Appellants' Appendix at 140.

This court has observed that "forum selection provisions are enforceable if they are reasonable and just under the circumstances and if there is no evidence of fraud or overreaching such that the agreeing party, for all practical purposes, would be deprived of a day in court." Dexter Axle Co. v. Baan USA, Inc., 833 N.E.2d 43, 48 (Ind. Ct. App. 2005). Additionally, the provision must have been freely negotiated. Id. "Moreover, '[e]ven where the forum-selection clause establishes a remote forum for resolution of conflicts, the party claiming [unfairness] should bear a heavy burden of proof.'" Id. (quoting Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 592, 111 S. Ct. 1522, 1526 (1991)) (internal quotations omitted).

Carmeuse argues that "Illini did not raise any objection based upon venue or lack of jurisdiction in its original Motion under Rule 12 or a responsive pleading," and accordingly it waived its claim. Appellants' Brief at 8. Carmeuse argues that Illini waived the contractual provision regarding venue when it "filed and litigated a claim

9

against Carmeuse in the Northern District of Indiana without ever raising the issue of venue." Id. at 10. Carmeuse argues that Illini "raised additional arguments beyond those contained within its original Motion to Dismiss" as a part of its objection to Carmeuse's motion for leave to amend, and these additional arguments "could also be seen as consent to jurisdiction in Indiana and, as such, an implied waiver of the contractual provision regarding venue." Id. Carmeuse also argues that public policy considerations favor maintaining the litigation in Indiana, noting that "neither of the parties [are] located in Pennsylvania," "both parties' counsel practice in Indiana," "Pennsylvania has virtually no connection to the facts of this case or underlying lawsuit," "none of the witnesses are located in Pennsylvania," and "litigating in Pennsylvania will result in significant additional costs due to expenses for travel, as well as the refiling of all Motions in Pennsylvania court." Id at 11.

Carmeuse does not claim that the forum selection clause was not freely negotiated, i.e., that the discrepancy in bargaining power led Carmeuse to sign the contract unwillingly or without awareness of its terms. See Grott v. Jim Barna Log Sys.-Midwest, Inc., 794 N.E.2d 1098, 1102 (Ind. Ct. App. 2003), trans. denied. Carmeuse instead argues that Illini waived its ability to rely upon the forum selection clause because it did not raise it with the court until filing its Objection on September 7, 2012. Our review of the circumstances reveals that Carmeuse filed its complaint in the instant action on June 26, 2012, and in so doing it did not attach the contract. Illini filed its motion to dismiss, arguing that Carmeuse's complaint was incoherent as it contained language similar or identical to the language filed in its earlier, third party complaint in the federal action.

10

Specifically, the complaint stated, among other things, that "complete diversity remains," and it repeatedly referred to "the plaintiff" in a context more properly attributable to Ruiz, but of course Carmeuse was the appropriate plaintiff. Based upon these errors, Carmeuse filed a response to the motion to dismiss and a motion for leave to amend. Carmeuse attached to the motion for leave to amend its proposed amended complaint as well as the contract. Illini thereafter filed its Objection and brought to the court's attention the forum selection clause contained in the contract found under Paragraph 19.2.

Thus, Illini was unsure of how to respond to the initial complaint, which was averred as if it were submitted by a third party plaintiff asking for indemnification against the claims of an injured plaintiff and, importantly, did *not* contain a copy of the contract at issue. See Ind. Trial Rule 9.2(A) ("When any pleading allowed by these rules is founded on a written instrument, the original, or a copy thereof, must be included in or filed with the pleading."). It was only after Carmeuse submitted, as an attachment to its motion for leave to amend, the proposed amended complaint and controlling contract that Illini was in a position to bring the forum selection clause to the court's attention. Further, Carmeuse does not cite to authority for its proposition that because Illini did not assert the forum selection clause when it responded to Carmeuse's third party complaint in the federal action it waived its ability to rely on the clause in a subsequent state court action. Carmeuse also does not cite to authority that because the contract had been previously litigated in federal court, Illini was on notice, so to speak, regarding the forum selection provision of the contract, and that accordingly it was required to raise the forum selection clause in its original motion to dismiss despite the fact that the contract had not

been attached to the original complaint. Under these circumstances, we cannot say that Illini waived its ability to raise the forum selection clause with the court.

Carmeuse does argue that the forum selection clause is unjust and unreasonable, specifically arguing that enforcement would be against public policy. We first observe on this score that its suggestion that "neither of the parties [are] located in Pennsylvania" is patently false – indeed, Carmeuse specifically pled in its complaint that its principal place of business is located in Pennsylvania and the contract lists a Pittsburgh, Pennsylvania address for Carmeuse. Thus, it appears that the forum selection clause was negotiated for *Carmeuse's* benefit.

This court has articulated the test for a forum selection clause being unjust and unreasonable as a showing that "trial in the contractual forum will be so gravely difficult and inconvenient that they will, for all practical purposes, be deprived of their day in court." Grott, 794 N.E.2d at 1103-1104 (citing Horner v. Tilton, 650 N.E.2d 759, 763-764 (Ind. Ct. App. 1995) (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 18, 92 S. Ct. 1907, 1917 (1972)), reh'g denied, trans. denied). As noted above, "[e]ven where the forum-selection clause establishes a remote forum for resolution of conflicts, the party claiming [unfairness] should bear a heavy burden of proof." Dexter Axle, 833 N.E.2d at 48 (quoting Carnival, 499 U.S. at 592, 111 S. Ct. at 1526) (internal quotations omitted).

Carmeuse cites to Farm Bureau Gen. Ins. Co. of Mich. v. Sloman, 871 N.E.2d 324 (Ind. Ct. App. 2007), trans. denied, and argues that in that case "the court decided not to enforce a forum selection clause when doing so would result in 'added expenses and

12

inconvenience to the parties ant [sic] the witnesses, an increased burden on the judicial system, and the possibility of inconsistent verdicts.'" Appellants' Brief at 11 (quoting Farm Bureau, 871 N.E.2d at 332). In Farm Bureau, defendant Sloman and Janet Lund were involved in an automobile accident after Lund merged in front of Sloman in Elkhart, Indiana. 871 N.E.2d at 326. Sloman was insured by Farm Bureau under an insurance policy purchased in Michigan and governed by Michigan's No-Fault Act, also containing uninsured motorist coverage, and Lund was an uninsured motorist. Id. Farm Bureau ultimately denied Sloman's claim "because it believed that Sloman had failed to provide it with written notice of his uninsured motorist claim within one year of the accident," and Sloman filed a complaint in Elkhart County, Indiana. Id. at 327. Farm Bureau filed a motion to dismiss under Ind. Trial Rule 12(B)(6), or, in the alternative, motion for summary judgment, asserting that the insurance policy contained a forum selection clause designating that any dispute regarding coverage "must take place in the venue of the county and state in which this policy was purchased," which, in Sloman's case, was in Cass County, Michigan. Id. The court denied Farm Bureau's motion, and an interlocutory appeal ensued. Id. at 328.

On appeal, this court examined prior precedent including Carnival and Dexter Axle and applied the two-part test to determine the forum selection clause's validity. Id. at 329. This court first determined that the forum selection clause had been freely negotiated and subsequently examined whether it was just and reasonable under the circumstances. Id. at 330. It began its analysis by observing that "[u]sually, no public policy reasons exist to prevent parties from establishing venue through a contractual

13

provision" because "forum selection clauses typically serve as a worthy tool to limit the fora in which a company may be sued," among other things, but next noted that "[n]evertheless, a forum selection clause's validity may come into question when it "interfere[s] with the orderly allocation of judicial business . . . ." Id. The court noted that Farm Bureau would only be liable to Sloman if "(1) the accident was the fault of Lund and (2) Sloman suffered damages as a result thereof," and that "[c]onsequently, any action against Farm Bureau on the contract is inseparably tied to the legal liability of Lund." Id. The court observed:

> The forum selection clause cannot bind Lund who was not a party to this contract between Farm Bureau and Sloman. In fact, Michigan would have no jurisdiction over Lund for an accident that occurred in Indiana. Hence, implementation of Farm Bureau's forum selection clause would result in Sloman having to file two separate yet similar lawsuits emanating from the same accident: one in Indiana against Lund regarding liability and damages, and one in Michigan against Farm Bureau regarding its obligation to pay damages to Sloman under its uninsured motorist provision.

Id. at 331. The court examined policy considerations as identified in Carnival and held that enforcing the forum selection clause under the circumstances was unjust and unreasonable and noted in particular that "avoidance of multiple lawsuits involving the same parties and the same issues has historically been of great concern in Indiana." Id. at 331-333.

Here, by contrast, Carmeuse has already settled with Ruiz, the party who would have not been bound by the forum selection clause contained in the contract between Carmeuse and Illini. Thus, there is no possibility of multiple lawsuits. Also, as noted above the party claiming unfairness from a forum selection clause due to the remoteness of the forum bears a heavy burden of proof. On that score, we also note that the distance

14

between Lake County, Indiana, and Allegheny County, Pennsylvania, may be traversed by automobile in several hours, and accordingly we cannot say that Allegheny County, Pennsylvania is too remote. See Horner, 650 N.E.2d at 764 (noting that the distance between Marion County, Indiana and Peoria County, Illinois "may be traversed by automobile in several hours" and accordingly "it cannot be said that, in the context of the issue before us, Peoria County, Illinois is a remote forum"). We cannot say that enforcing the forum selection clause is unjust and unreasonable, and accordingly we conclude that the court did not err in dismissing Carmeuse's lawsuit.[9]

For the foregoing reasons, we affirm the court's order dismissing Carmeuse's complaint.

Affirmed.

BAILEY, J., and VAIDIK, J., concur.

---

[9] We observe that, although this case was handled pursuant to Ind. Trial Rule 56 and generally such rulings are final as to the merits of a claim, here the trial court specifically dismissed Carmeuse's claim based upon a forum selection clause and did not address the merits of its claim. Today, we similarly affirm on that basis. Thus, Carmeuse is not barred based upon the doctrine of res judicata from bringing suit against Illini in the proper forum. See Small v. Centocor Inc., 731 N.E.2d 22, 26 (Ind. Ct. App. 2000) (noting in part that in order to be barred from bringing a claim under res judicata's claim preclusion prong, "the former judgment must have been rendered on the merits . . ."), reh'g denied, trans. denied; see also Indianapolis Downs, LLC v. Herr, 834 N.E.2d 699, 704 (Ind. Ct. App. 2005) (noting that under issue preclusion, also known as collateral estoppel, the trial court must determine in part "whether the party in the prior action had a full and fair opportunity to litigate the issue . . ."), trans. denied.

15