FILED

Sep 05 2023, 9:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLANT

Danny E. Glass
Adam S. Glass
Fine & Hatfield P.C.
Evansville, Indiana

Gregory L. Mast
Stephen A. Kahn
Fields Howell, LLP
Atlanta, Georgia

ATTORNEYS FOR APPELLEES
U.S. SECURITY ASSOCIATES,
INC.; JENNIFER FREEMAN;
BRIAN HILL; AND CARL NELSON

Edward M. O'Brien
Wilson Elser Moskowitz Edelman
& Dicker LLP
Louisville, Kentucky

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Perdue Farms, Inc.,<br>*Appellant,*<br><br>v.<br><br>L&B Transport, LLC; U.S.<br>Security Associates, Inc.;<br>William Richardson; Jennifer<br>Freeman; Brian Hill; Carl<br>Nelson; ABC Corporation,<br>*Appellees.* | September 5, 2023<br><br>Court of Appeals Case No.<br>22A-PL-2989<br><br>Appeal from the Daviess Circuit<br>Court<br><br>The Honorable Gregory A. Smith,<br>Judge<br><br>Trial Court Cause No.<br>14C01-2008-PL-491 |

**Opinion by Judge Bailey**
Judge Kenworthy concurs.
Judge Crone dissents with separate opinion.

**Bailey, Judge.**

# Case Summary

In this interlocutory appeal, Perdue Farms, Inc. ("Perdue") appeals the trial court's order granting a motion to dismiss its complaint against U.S. Security Associates, Inc. ("U.S. Security") and U.S. Security's employees Jennifer Freeman, Brian Hill, and Carl Nelson (collectively, "the Employees"). Perdue raises two issues for our review, which we revise and restate as whether the court erred when it granted U.S. Security and the Employees' motion to dismiss the complaint pursuant to a forum selection clause. We reverse and remand with instructions.

# Facts and Procedural History

Perdue is a corporation incorporated under the laws of Maryland. It is registered to do business in Indiana and owns and operates a poultry processing plant ("the Plant") in Daviess County, which processes approximately one million pounds of meat per day. On September 16, 2015, Purdue entered into a service agreement ("the Agreement") with U.S. Security pursuant to which U.S. Security agreed to provide "security services" to Perdue at the Plant. Appellant's App. Vol. 2 at 116. The agreement included the following forum selection clause:

> This Agreement shall be governed by, and construed in accordance with, the laws of the State of Maryland. Any lawsuit filed by either party arising from or related to this Agreement

> shall be brought in the United States District Court for the District of Maryland. The parties hereby consent to the jurisdiction of said court.

*Id*. at 126.

[3] On August 18, 2018, William Richardson, who was employed by L&B Transport ("L&B") made an unannounced delivery to the Plant outside of normal delivery hours.[1] When Richardson arrived at the Plant's gate, he informed the Employees that he was delivering bleach. The Employees did not verify Richardson's statement but allowed him into the Plant and directed him to the bleach tank. Richardson then connected his truck to the bleach tank and began filling it. Richardson did not monitor the transfer process but instead returned to the interior of his truck.

[4] Contrary to his statements to the Employees, Richardson was not transporting bleach but was transporting aluminum chloride.[2] When Richardson transferred the aluminum chloride into the bleach tank, a "chemical reaction" ensued that caused "severe amounts of fog and foam to enter multiple rooms of the Plant." *Id*. at 26. As a result, Perdue had to shut the Plant down for multiple days to clean it and to repair or replace damaged equipment. Perdue sustained damages of over $1.2 million.

---

[1] We have obtained the underlying facts from Perdue's amended complaint.

[2] Perdue has not made any allegation that Richardson acted intentionally or maliciously when he transferred the aluminum chloride into the bleach tank.

On May 19, 2021, Perdue filed an amended complaint in the Daviess Circuit Court against L&B; Alex C. Ferguson, LLC; Southern Ionics, Inc.; U.S. Security; William Richardson; the Employees; and ABC Corporation.[3] In that complaint, Perdue alleged in relevant part as follows:

- Count 1: Negligence and Gross Negligence against Richardson and L&B;
- Count 2: Misrepresentation against Richardson and L&B;
- Count 3: Negligent Hiring, Training, Retraining, and Supervising against L&B;
- Count 4: Negligence *Per Se* against Richard and L&B;
- Count 5: Strict Liability against Richardson and L&B;
- Count 8: Negligence against U.S. Security and the Employees
- Count 9: Negligent Hiring, Training, Retraining, and Supervising against U.S. Security; and
- Count 10: Breach of Contract against U.S. Security

On June 16, U.S. Security and the Employees filed a Trial Rule 12(B)(3) motion to dismiss Perdue's complaint pursuant to the forum selection clause or, in the alternative, to enforce the forum selection clause. U.S. Security and the Employees asserted that the forum selection clause was "valid, enforceable, and binding," that "it is reasonable and just," and that "there is no evidence of fraud or overreaching" from either party. *Id*. at 103. They further asserted that it was "freely negotiated and bargained-for between two sophisticated, commercial entities." *Id*. at 104.

---

[3] Alex C. Ferguson, LLC and Southern Ionics, Inc. were subsequently dismissed as parties. L&B Transport, Richardson, and ABC Corporation are not involved in this appeal.

Perdue responded and asserted that, [u]nder the circumstances," the Indiana court is "the only venue that is appropriate to address all of the claims raised in the lawsuit[.]" *Id.* at 135. Specifically, Perdue asserted that "enforcing the forum selection clause will result in multiple concurrent lawsuits" because there "are claims and parties . . . that the forum selection clause cannot apply to." *Id.* at 136. Perdue maintained that, if the court were to grant the motion to dismiss, the Indiana lawsuit would "still continue" as to certain parties, including Richardson and L&B, and it would be "forced to file a separate action involving the same facts and issues" against U.S. Security and the Employees in Maryland. *Id.* Thus, Perdue asserted that the forum selection clause is "not enforceable under the circumstances." *Id.* at 139 (bold and capitalization removed). In the alternative, Perdue argued that the Employees could not rely on the forum selection clause because they "were not parties or third-party beneficiaries" to the agreement. *Id.* at 143.

U.S. Security and the Employees replied and asserted that their liability "is not 'inseparably tied' to nor contingent upon the liability of any other defendant in this action." *Id.* at 153. In particular, they alleged that "[w]hether Perdue proves its breach of contract or negligence claims against [them] has no bearing or influence on Perdue's proof of liability of or ability to recover against" the other defendants. *Id.* U.S. Security and the Employees further asserted that the Employees were in privity with U.S. Security with respect to the Agreement such that the forum selection clause applied to the Employees.

On October 13, 2022, the court entered its order granting U.S. Security and the Employees' motion to dismiss. Specifically, the court found that the forum selection clause was "valid and enforceable" and that Perdue's claims against U.S. Security and the Employees "are governed by the forum selection clause." Appellant's App. Vol. 2 at 19. This interlocutory appeal ensued.

## Discussion and Decision

Perdue contends that the trial court erred when it granted U.S. Security and the Employees' motion to dismiss. The parties both agree that our review of this issue is *de novo*.[4] *See* Appellant's Br. at 14-15; Appellees' Br. at 14 n.7. Perdue specifically contends that the court erred when it granted the motion to dismiss based on the forum selection clause because, under the circumstances, that clause was not valid and enforceable.

It is well settled that parties to a contract "are generally free to bargain for the terms that will govern their relationship." *O'Bryant v. Adams*, 123 N.E.3d 689, 692 (Ind. 2019). Further, Indiana "puts a premium on parties' freedom of contract, and we presume that contracts represent the parties' freely bargained agreements." *Id*. at 694. As such, this Court has stated that "'forum selection provisions are enforceable if they are reasonable and just under the circumstances and if there is no evidence of fraud or overreaching such that the

---

[4] Indeed, the court ruled on a paper record. In such instances, our review is de novo. *See Sunburst Chemical, LLC v. Acorn Distributors, Inc.*, 922 N.E.2d 652, 653 (Ind. Ct. App. 2010).

agreeing party, for all practical purposes, would be deprived of a day in court.'" *Carmeuse Lime & Stone v. Illini State Trucking, Inc.*, 986 N.E.2d 271, 276-77 (Ind. Ct. App. 2013). Additionally, "the provision must have been freely negotiated." *Id.* at 277. And "the party claiming [unfairness] should bear a heavy burden of proof." *Id.* (citations omitted; alteration in original). Thus, to determine whether a forum selection is valid, we must examine whether it is freely negotiated and just and reasonable under the circumstances. *See Farm Bureau General Ins. Co. of Michigan v. Sloman*, 871 N.E.2d 324, 329 (Ind. Ct. App. 2007).

[12] Perdue does not make any argument to suggest that the forum selection clause was not freely negotiated. Indeed, while Perdue is the party seeking to invalidate the forum selection clause, that clause was clearly drafted to benefit Perdue. Again, the forum selection clause provides that any lawsuit arising from or related to the Agreement shall be filed in the United States District Court for the District of Maryland. And Perdue is a "Maryland corporation" with a "primary corporate location" in Salisbury, Maryland. Appellant's App. Vol. 2 at 116. Further, both parties are large companies with seemingly equal bargaining power. Thus, we find that the forum selection clause was freely negotiated.

[13] Still, Perdue contends that the forum selection clause is not just and reasonable under the circumstances. In *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991), the Supreme Court outlined several factors to consider in determining whether a forum selection clause is just and reasonable. In that case, the

Supreme Court validated a forum selection clause included on a cruise line ticket because: (1) it limited the fora in which the cruise line could potentially be subject to suit; (2) it dispelled any confusion about where suits arising from a conflict must be brought and defended; and (3) the cruise line's customers received a benefit in the form of reduced fares that reflected the savings that the cruise line enjoyed by limiting the fora in which it could be sued. *Id*. at 593-94.

[14] While the Court's decision in *Carnival* is based on federal law and not binding on Indiana state courts, "Indiana has adopted the Supreme Court's ruling from *Carnival* as it relates to the validity of forum selection clauses." *Sloman*, 871 N.E.2d at 329. Furthermore, our Court added an additional consideration beyond the three identified by the Supreme Court: "the threat of multiple lawsuits," that is, where a forum selection clause restricting suit to a particular venue "will likely lead to multiple lawsuits involving the same parties and the same issues of liability." *Id*. And this Court identified that factor to "be of paramount concern" because, "[g]enerally speaking, multiple litigation involving similar suits is not favored." *Id*.

[15] On appeal, Perdue asserts that, under the particular circumstances of this case, the forum selection clause is not just and reasonable. In particular, Perdue contends that "enforcing the [forum selection clause] will result in multiple litigation involving the same general issues[.]" Appellant's Br. at 17. Perdue contends that the "central issue in this case is the apportionment of liability" between U.S. Security/the Employees and L&B/Richardson. *Id*. And Perdue asserts that L&B and Richardson "are not subject to" the Agreement or the

forum selection clause and that neither is a "Maryland citizen nor do they have any apparent connection to Maryland" such that Maryland would have no personal jurisdiction over L&B or Richardson. *Id*. at 18. Thus, Perdue contends that, if the forum selection clause is enforced, it "will have no choice but to litigate a separate action in Maryland against [U.S. Security and the Employees], while also maintaining this Lawsuit [in Indiana] against" L&B and Richardson. *Id*. Perdue maintains that "[b]oth lawsuits would be based on the same [i]ncident, the same facts and legal issues, and virtually the same discovery and exchange of evidence." *Id*. And Perdue contends that the two lawsuits "will almost certainly lead to inconsistent verdicts and apportionment of liability[.]" *Id*. at 20.

[16] To support its assertion, Perdue relies on this Court's opinion in *Sloman*. In that case, Sloman was involved in an automobile accident with Janet Lund. Sloman was insured by Farm Bureau General Insurance Company of Michigan ("Farm Bureau"). 871 N.E.2d at 326. Sloman filed a claim with Farm Bureau, which ultimately denied his claim. *Id*. at 327. Sloman filed suit against Farm Bureau in Indiana despite a forum selection clause in his policy requiring him to file suit in the county and state in which he had purchased the policy, which was Cass County, Michigan. *Id*. Based on the forum selection clause, Farm Bureau filed a motion to dismiss or, in the alternative, a motion for summary judgment. *Id*. The court denied Farm Bureau's motion.

[17] On appeal, Farm Bureau asserted that the forum selection clause was just and reasonable. This Court first noted "the unique challenges" presented by the

case because it did not just focus "on the two parties in privity of contract (Sloman and Farm Bureau)" but also "additionally considered Lund, the uninsured motorist." *Id.* at 328. The Court then noted that it must "determine what effect a third party uninsured motorist has on" its analysis. *Id.* It then considered the "two unique components," including "(1) the potential liability and damages owed by Lund to Sloman and (2) Farm Bureau's liability to Sloman under his uninsured motorist provision." *Id.*

[18] The Court concluded that the forum selection clause had been freely negotiated and then turned to whether it was just and reasonable under the circumstances. *Id.* at 330. In its analysis, the Court specifically noted that there was a "case within a case" because Farm Bureau would only be liable to Sloman if the accident was the fault of Lund and if Sloman suffered damages. Thus, the Court stated that "any action against Farm Bureau on the contract is inseparably tied to the legal liability of Lund, and Sloman's action against Lund is but the first link in an unbroken chain leading to the contractual liability of Farm Bureau." *Id.* The Court then turned to the three *Carnival* factors.

[19] Regarding the first factor, the Court held that implementing the forum selection clause "would not result in a limitation of the fora in which it potentially could be subject to suit" because "even if Sloman were required to file suit against Farm Bureau in Michigan, any suit maintained against Lund must be filed in Indiana." *Id.* at 331. Similarly, the Court concluded that the forum selection clause did not conserve judicial resources because it "le[d] to greater confusion and expenditure of greater judicial resources" due to suits in multiple states. *Id.*

at 332. And it found no economic benefit to the customer because the forum selection clause "increase[d] the cost for both parties and fail[ed] to provide Farm Bureau with any certainty as to where a lawsuit may arise." *Id*.

After considering the three *Carnival* factors, the Court then turned to the consideration of "paramount concern"—whether the forum selection clause would result in multiple suits. *Id*. The Court specifically concluded that "enforcement of the clause would require Sloman to maintain his action against Lund in Indiana while also having to litigate the same case against Farm Bureau in Michigan." *Id*. at 333. Because "none of the [*Carnival*] policy reasons" were present and because "avoidance of multiple lawsuits involving the same parties and the same issues has historically been of great concern in Indiana," the Court held that the Indiana venue was "proper" and affirmed the court's denial of Farm Bureau's motion. *Id*.

Here, Perdue contends that *Sloman* is analogous such that we should reach a similar result. On the other hand, U.S. Security and the Employees argue that the Agreement's forum selection clause is valid and enforceable. First, they assert that "the distance between Indiana and the preselected forum of Maryland may be traversed by automobile within several hours." Appellees' Br. at 17 (quotation marks omitted). Second, they contend that Perdue has not presented any "evidence of fraud or overreaching" and that "[n]o such evidence exists." *Id*. at 19. Finally, they contend that *Sloman* is inapplicable because their liability "is not 'inseparably tied' to nor contingent upon the liability of any other defendant to this action." *Id*. at 22. Rather, they maintain that each

"theory of liability advanced by Purdue against the other defendants is predicated on separate and distinct factual allegations." *Id*. at 23.

[22] To support their argument, U.S. Security and the Employees rely on this Court's opinion in *Carmeuse*. In that case, John Ruiz, an employee of a subcontractor of Illini State Trucking ("Illini"), was injured while on the property of Carmeuse. 986 N.E.2d at 272. Ruiz filed a complaint against Carmeuse but ultimately settled out of court. *Id*. at 272-73. Carmeuse then filed a complaint against Illini in Lake Superior Court. 986 N.E.2d at 274. Illini filed a motion to dismiss the complaint based on a forum selection clause contained in an agreement between the two parties, which required any action to be filed in Pennsylvania. The trial court granted the motion to dismiss. *Id*. at 275.

[23] On appeal, this Court held that Carmeuse had not made any "claim that the forum selection clause was not freely negotiated." *Id*. at 277. The Court also noted that, because Pennsylvania was Carmeuse's principal place of business, it appeared as though the "forum selection clause was negotiated for" Carmeuse's benefit." *Id*. at 278. And the Court noted that the "distance between" Indiana and Pennsylvania "may be traversed by automobile in several hours," such that the Pennsylvania venue was not "too remote." *Id*. at 279. As such, the Court held that the forum selection clause was not unjust or unreasonable and affirmed the court's dismissal of the lawsuit. *Id*.

[24] Here, we agree with Perdue that the instant case is much more analogous to *Sloman* than to *Carmeuse,* and we hold that the forum selection clause is not just and reasonable under the facts of this case. First, as in *Sloman*, we note that this case presents a "unique challenge" that requires us to not only consider the parties to the contract—Perdue and U.S. Security/the Employees[5]—but also Richardson and L&B. 871 N.E.2d at 328. Perdue has alleged that Richardson, while employed by L&B, delivered aluminum chloride to the Plant and proceeded to empty it into a bleach container without supervising the process, which caused a chemical reaction and over $1.2 million in damages. Perdue also alleged that the incident occurred because the Employees allowed Richardson into the Plant after hours and directed him to the bleach containers without confirming that he was indeed delivering bleach. Based on those actions, Perdue filed a complaint against all relevant parties. It will be up to a fact-finder to determine whether any or all parties are liable and, if it finds all parties to be liable, the amount for which each party is responsible for the damages. Consequently, any action against U.S. Security and the Employees is "inseparably tied" to the legal liability of Richardson and L&B. *Id*. at 330.

[25] Further, there is no dispute that the forum selection clause does not apply to Richardson or L&B, and there is no dispute that a Maryland court would not have personal jurisdiction over either Richardson or L&B. As a result, if we

---

[5] The parties dispute whether the Agreement applies to the Employees. Because we hold that the forum selection clause is unjust and unreasonable under the circumstances of this case, we need not decide whether the Agreement applies to Employees.

were to enforce the forum selection clause, Perdue would be forced to litigate its claims against U.S. Security and the Employees in Maryland while maintaining an action against Richardson and L&B in Indiana. That is the very problem *Sloman* seeks to avoid. Indeed, for those very reasons, the *Carnival*, factors are not present. Enforcing the forum selection clause would not limit the fora for a lawsuit, it would not conserve judicial resources, and it would not reduce costs. *See id*. at 331-32. In particular, we note that the result of enforcement of the forum selection clause would be two-fold. First, as discussed above, enforcement of the clause would require Perdue to maintain its action against Richardson and L&B in Indiana while having to litigate substantially the same case against U.S. Security and the Employees in Maryland, which would almost certainly result in differing, if not completely conflicting, outcomes for Perdue. Second, there is no dispute that Perdue, but not U.S. Securities or the Employees, have connections to Maryland. If we were to enforce the forum selection clause, an Indiana company and its employees would be required to defend themselves in Maryland, and all witnesses to the events that occurred in Indiana would be required to participate in a Maryland lawsuit, which does not conserve resources.

[26] Finally, while we acknowledge that there are some similarities between the present case and *Carmeuse*, as this Court held in *Sloman*, the issue of multiple lawsuits is of "paramount concern[.]" 871 N.E.2d at 323. And the Court in *Carmeuse* specifically concluded that there was "no possibility of multiple lawsuits" because Carmeuse had already settled with Ruiz, who was a party

that would not have been bound by the forum selection clause contained in the contract between Carmeuse and Illini. *Id*. at 279. As such, *Carmeuse* is readily distinguishable from the instant case.

[27] Under the specific circumstances of this case, where one incident resulted in a complaint against multiple parties—some of whom are subject to the forum selection clause and others who are not, enforcement of the forum selection clause would result in multiple lawsuits involving the same facts and evidence in multiple locations. We therefore hold that Perdue has met its heavy burden to demonstrate that enforcement of the forum selection clause would not be just or reasonable.

## Conclusion

[28] In sum, while we generally favor parties' freedom of contract, under the particular facts of this case, the forum selection clause is not just and reasonable because enforcing the forum selection clause would result in Perdue having to litigate two interrelated lawsuits involving the same parties, the same evidence, and the same issues in two different venues, which has historically been of great concern in Indiana. Accordingly, we reverse the trial court's order granting

U.S. Security and the Employees' motion to dismiss, and we remand for further proceedings.[6]

Reversed and remanded with instructions.

Kenworthy, J., concurs.

Crone, J., dissents with separate opinion.

---

[6] Because we agree with Perdue that the forum selection clause should not be enforced under these specific circumstances, we need not address its argument that that the agreement does not apply to the Employees.

**Crone, Judge, dissenting.**

[30] I believe that Perdue has no valid basis for crying "foul" here and chickening out on the forum selection clause that it undoubtedly insisted on including in its contract with U.S. Security to shield it from being haled into court in Indiana.

[31] The majority observes that "Indiana 'puts a premium on parties' freedom of contract, and we presume that contracts represent the parties' freely bargained agreements.'" Slip op. at 7 (quoting *O'Bryant*, 123 N.E.3d at 692). "[T]o determine whether a forum selection is valid, we must examine whether it is freely negotiated and just and reasonable under the circumstances." *Id*. The majority acknowledges that "both parties are large companies with seemingly equal bargaining power" and correctly finds that "the forum selection clause was freely negotiated." *Id*. at 8.

[32] But, for several reasons, I think that the majority has laid an egg in relying on *Sloman* to conclude that the clause is not just and reasonable under the circumstances. First, the disparity of the bargaining power between the insurer and the insured in *Sloman* was vast. Second, the *Sloman* court's multiple-lawsuits consideration was a dubious (and apparently spontaneous) add-on to the criteria set forth in *Carnival*. Third, the issues regarding liability in *Sloman* would have been exactly the same in both lawsuits, since the second lawsuit would have affected only the coverage issue. Here, there could be different outcomes regarding liability among the various defendants, and there is nothing

unjust or unreasonable about forcing Perdue "to litigate its claims against U.S. Security and the Employees in Maryland while maintaining an action against Richardson and L&B in Indiana" pursuant to the forum selection clause that it freely bargained for. *Id*. at 14. The nonparty defense is tailor-made for such situations. Based on the majority's reasoning, a party could avoid a forum selection clause that it freely agreed to simply by adding additional local parties as defendants.[7]

[33]     As for the *Carnival* factors themselves, I find them to be of limited relevance in this case. Unlike a cruise ship, which may travel to and host customers from dozens of different jurisdictions, Perdue's Indiana plant is stationary and likely operated and serviced almost exclusively by persons and entities that reside or are registered in Indiana; thus, Perdue could potentially be subject (or subject others) to suit only in Indiana or Maryland. That same consideration also dispels any confusion about where suits arising from a conflict must be brought and defended. And customer savings are not an issue in this dispute between two sophisticated corporate entities. In sum, Perdue should have to live with the contractual bargain that it freely struck with U.S. Security, and therefore I respectfully dissent.

---

[7] In contracting with U.S. Security to provide security for its Indiana plant, Perdue should have reasonably anticipated that it might have to file suit against third-party Indiana residents as well as U.S. Security and the Employees, who I assume arguendo are privies. Thus, Perdue also should have reasonably anticipated the attendant concerns regarding multi-jurisdiction discovery, inconsistent verdicts, and claim preclusion that are trotted out as a parade of horribles in its appellate brief.